## Vincenzo Lucia v. Ellis Adams and Wife.

Decided June 25, 1904.

**1.—Pleading—Variance—Oral Agreement to Loan Money—Homestead.**

A petition averred substantially that plaintiff agreed with defendant that the latter should advance or loan him money with which to purchase from a third person property, originally plaintiff's homestead but which had been sold for taxes, defendant to take a deed in his own name as security and plaintiff to repay in small installments not specified. The transaction did not assume the form of a technical loan secured by mortgage because defendant's attorney feared the homestead question, plaintiff being then still in possession. Such pleading was sufficient to support an action to recover the land, plaintiff having been ousted, and evidence was not variant from the pleading although it failed to show any definite agreement as to amount of installments or time of repayment.

**2.—Oral Agreement—Statute of Frauds—Express Trust Created by Parol.**

An oral agreement to lend money for the purchase of property, the lender to take a deed as security and the borrower to repay the money in small installments, was not void under the statute of frauds, since the transaction amounted to an express trust in land which can be created by parol.

**3.—Loan—Time of Repayment.**

A loan of money where no time is fixed for repayment is payable on demand.

**4.—Oral Agreement—Repudiation—Ouster—Rents.**

Where defendant repudiated an oral agreement to loan plaintiff money with which to purchase property, defendant to take a deed as security, and ousted plaintiff, claiming the property for himself under the deed, he is liable to plaintiff for the rental value during such ouster and can not recover for money expended for an abstract of title and advice of attorney in the absence of a showing that plaintiff assumed such expenses.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*Edgar Watkins* and *Frank C. Jones,* for appellant.

*A. B. Wilson* and *W. C. Oliver,* for appellees.

GILL, Associate Justice.—In 1878 Ellis Adams and his wife acquired by purchase lot No. 8, block 36, of Hopson's addition to the city of Houston. They remained in possession of it as their homestead until ousted by appellant in 1902, as hereinafter shown.

In 1901, Adams being indebted to the city of Houston for city taxes upon the property, the city foreclosed its lien by suit and bought it in at sheriff's sale. Thereafter it sold the property to Sutton for $100. Its value was at least $1000. Sutton did not oust Adams, although the judgment in favor of the city provided for a writ of possession. These sales divested Adams of his title. Thereupon Adams induced Sutton to agree to sell him the property for the sum of $300, and he went to the bank of T. W. House to procure the money for the purchase. The bank declined to make the transaction, but Mr. E. Fredenhaus, who was connected with the bank and who was also acquainted with Adams, possessed himself of Adams' plans and purposes, went to Lucia, the appellant, and proposed that he, Lucia, should advance the money for the old

man, the money to be repaid in small installments of about $15 per month. Fredenhaus was not the authorized agent of Adams, his mission being one of gratuitous friendship. But Adams saw Lucia personally, took him to look at the property, and verbally arranged that Lucia should advance the $300, take a deed from Sutton, Adams to repay the money in small installments. The amount of each installment or the ultimate time for the repayment of the loan was not mentioned or otherwise stipulated. Lucia promised Adams, however, that he should have some written evidence of his rights. Lucia thereupon procured a quitclaim deed from Sutton absolute on its face, in which no mention was made of Adams' connection with the transaction. Adams thereafter by appointment met Lucia at the office of the latter's attorney and demanded the written evidence of his rights. He was met instead by a demand on the part of Lucia for a deed from himself and wife relinquishing all claim they might have to the property. This the appellees refused to execute, repeating their demand that the transaction should be consummated pursuant to the parol agreement. This Lucia steadfastly refused, his lawyer, out of excess of caution and fearing the homestead question, having advised that it could not be safely done. Thereafter Lucia offered appellees $25 and a part of the property for a deed from them, but this also appellees declined, still insisting on the agreement. Thereupon Lucia repudiated the agreement altogether, secured a writ of possession under the judgment in favor of the city and ousted appellees. Since then he has had absolute control of the property, denying every right asserted by appellees. Appellees brought this suit setting up the facts, offering to do equity, and praying for a judgment for the property and damages for its detention.

Appellant resisted the suit on the ground that he bought the property for his own benefit and denied and repudiated the alleged trust relation. A trial by jury resulted in a verdict and judgment for appellees as prayed for and Lucia has appealed. Appellant seeks to reverse the judgment upon the following grounds:

First. Because a petition claiming that defendant agreed to buy certain land from a third party and allow plaintiff thereafter to purchase same by repaying the purchase money, and showing no consideration for such agreement and no definite agreement as to the time and manner of payment, is bad on general demurrer.

Second. Because the alleged agreement under which plaintiffs assert their rights not being in writing, is void under the statute of frauds.

Third. It was void under the statute of frauds because verbal and not to be performed within one year from its date.

Fourth. Because the proof is variant from the pleading, the latter averring an agreement to redeem in small installments and the proof utterly failing to show any definite agreement as to payment.

To the objection that the proof is variant from the pleading it is sufficient to say that the petition sets up the facts substantially, the legal and practical effect of which is that plaintiff arranged with Sutton to

purchase the property for $300 or have some one do it for him. That Lucia agreed to advance or *loan* the money necessary for the purchase, taking the deed in his own name as security therefor, the loan to be repaid by Adams in small installments not specified. That in pursuance of this arrangement and not otherwise Lucia procured the deed from Sutton. That the transaction was made for the benefit of Adams, who was to repay the loan, was so understood by Sutton, by House, by Fredenhaus, by Howard, by Lucia and by Lucia's attorney. The only reason why the transaction did not assume the form of a technical loan secured by a mortgage on the premises was because Lucia's attorney feared the homestead question, Adams then being in possession.

To the objection that the transaction was within the statute of frauds the case of Gardner v. Rundell, 70 Texas, 453, is a complete answer. In that case two persons entered into a verbal agreement to purchase property together. One took a bond for title in his own name and afterwards paid the full price, taking the deed in his own name. This was done under an oral agreement that the other should have a half interest and repay his share of the purchase money in ninety days. He tendered the sum within the time and demanded his half interest. The court upheld his demand, holding that it was an express trust which in this State can be created in land by parol. This case also answers the objection that the agreement with Sutton was without consideration.

But we think there is another answer equally conclusive. Up to the execution of the deed by Sutton to Lucia, it was never intended by any party to the transaction that he should have any beneficial interest in the title. As between him and Adams the transaction was a loan, the absolute deed taken in the name of Lucia being security therefor. The consideration supporting it was interest, which in the absence of stipulation was the legal rate.

But appellant objects that the transaction was void because no time was fixed for repayment. If this is sound, then if A. borrows money from B., fixing no time for repayment, B. loses his money,—a proposition manifestly absurd. Such a loan would be payable upon demand. So in this case. If when Adams went to Watkins' office to execute evidences of his debt and receive evidences of his own rights Lucia did not see fit to stipulate a time, he might nevertheless recover the money upon demand. Suppose Lucia had executed his oral agreement in good faith and at Adams' suggestion purchased the property of Sutton for Adams' benefit. Suppose the house had then burned and the property become suddenly worthless. Could any court consistently hold that Lucia might not have his judgment against Adams for the money thus advanced? Could any court consistently hold otherwise than that the loss should fall on the one for whose benefit the transaction was made?

To visit the loss in such a case upon Lucia would be monstrously unjust. But in the case before us it would be equally unjust to allow Lucia to repudiate the trust and appropriate the benefits to himself.

The cases of Thorp v. Gordon, 43 S. W. Rep., 323, and Foster v.

Ross, 33 Texas Civ. App., —, 77 S. W. Rep., 990, are not in point. In neither of those cases did the transaction assume the form either of a loan or a trust.

In Stafford v. Stafford, 29 Texas Civ. App., 73, 71 S. W. Rep., 984, the lender became the purchaser at sheriff's sale, it being orally agreed that the sheriff's deed should be security for the debt. This court held the transaction to be a mortgage.

The Supreme Court declared it immaterial whether it was a mortgage or a trust, and reaffirmed the doctrine that in this State the statute of frauds did not forbid the creation of a trust in land by parol. Stafford v. Stafford, 96 Texas, 106.

The mistake appellant makes is the assumption that the suit is one for specific performance. The suit is in fact an action to recover the land, it being true that whether the oral agreement served to convert the Sutton deed into a mortgage or a trust the beneficial title was at all times thereafter in Adams.

What has been said disposes generally of the other propositions above stated.

Appellant objects because the judgment holds him responsible for the rental value of the property during the time he held, though he showed that he had failed to collect certain rents and had incurred expenses in ousting a worthless tenant.

The objection is not tenable. A fair construction of the arrangement was that Adams should remain in possession, the paramount title being in him. Appellant wrongfully ousted him and assumed absolute control of the premises, repudiating the trust. Had Adams remained in possession the losses could not have occurred. Having no right to possession, appellant became absolutely responsible for its rental value.

Appellant also sought an allowance for money expended by him for an abstract of title to the property and a fee for the advice of an attorney thereon. He fails to show that such expenses were assumed by appellees and the court properly refused to allow them. The other assignments are equally without merit. On the whole case every consideration of right and justice and good conscience is against appellant. He acquired the deed from Sutton by force of Adams' agreement with Sutton made for Adams' own benefit. His subsequent assertion of title in himself to the exclusion of Adams was such bad faith as the courts must refuse to sanction.

By the trial court's judgment such rights as appellant had as a lender are fully protected.

For the reasons given the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

GILL, ASSOCIATE JUSTICE.—In the main opinion we found among other things that the oral agreement on the part of Lucia to advance the money for the repurchase of the Adams home and to take the deed

to himself was made, and the deed by Sutton executed, before Lucia repudiated his agreement upon the advice of his attorney that it could not be safely made. In his motion for rehearing appellant insists that the repudiation preceded the deed from Sutton and requests that we correct the finding. We have carefully re-examined the entire record on the point and have found no reason to alter our conclusion.

The testimony of Adams, Howard and Sutton fully establishes the finding, though appellant testified to an opposite state of facts, and Mr. Watkins, appellant's attorney, testified to facts which tended to corroborate Lucia. At most the evidence is in conflict upon the point. We therefore adhere to the fact conclusion already made.

The main opinion does not disclose any conflict upon any of the fact issues, whereas Lucia flatly denied the oral agreement relied on by Adams. Appellant's request that this should be disclosed is a just one, and we make the correction, but the evidence of the oral agreement is so ample there can be but one opinion as to its sufficiency to sustain the finding.

Appellant further complains that we failed to find that the city of Houston recovered the property from Adams by suit in trespass to try title, and thereafter sold it to Sutton. The facts are as contended by appellant, but we regarded the point as covered by the general finding that Sutton acquired an absolute title.

We also found in effect that the transaction involving the oral agreement and the purchase of the land from Sutton by Lucia was for the benefit of Adams and was so understood by all concerned. Of this finding appellant also complains. The record supports the finding even as to Lucia, though he denies it, and his attorney with the facts then in his possession seems to have regarded Adams as eliminated before the purchase from Sutton.

With this modification the finding is adhered to. We do not deem it necessary to add anything further to what has been written. Upon the whole case we believe our judgment is correct, and so believing, the motion for rehearing is overruled.

*Overruled.*

Filed October 10, 1904.