### GALBREATH et al. v. FARRELL.
### (No. 8417.)

(Court of Civil Appeals of Texas. Dallas. April 10, 1920. Rehearing Denied May 15, 1920.)

1. Venue &#x21D0;5(3)—Suit for undivided interests in land should be brought in county where land situated.

A suit by persons claiming to own undivided interests in land under an oral agreement with defendant, who took the legal title, and claiming that they had been ejected from the land by defendant, for restitution of the premises and for judgment for rents and damages, was governed as to venue by Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 14, requiring suits for the recovery of lands to be brought in the county where the land is situated.

2. Pleading &#x21D0;111—Evidence of facts other than location of land sued for incompetent under plea of privilege.

In a suit to recover land in which plaintiffs claimed to own undivided interests, evidence of facts contrary to the fact that the land was situated in the county in which the suit was brought was proper, but proof of facts other than the situation of the land was incompetent under defendant's plea of privilege.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by W. V. Galbreath and another against H. T. Farrell. From a judgment granting a change of venue, plaintiffs appeal. Reversed and remanded.

Lassiter & Harrison and R. M. Rowland, both of Ft. Worth, and M. W. Townsend, of Dallas, for appellants.

W. L. Crawford, Jr., of Dallas, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellee.

RAINEY, C. J. This statement of the suit is taken from the brief of appellant as follows:

"This suit was brought by W. V. Galbreath and L. B. Comer against H. T. Farrell in the Sixty-Eighth district court, Dallas county, Tex., to recover undivided interests amounting to two-thirds in certain tracts of land (claimed to be gravel lands) situated in Dallas county, Tex., and described in the petition, and to recover damages for being excluded from the lands and deprived of the use and enjoyment of their interest therein. Plaintiffs alleged that the legal title was in Farrell, but that by virtue of an oral agreement antedating the acquisition of the lands the equitable and beneficial ownership rested in the three parties named, each being the owner of an undivided one-third interest. The petition stated that defendant was a resident of Collin county, Tex.

"Defendant Farrell filed a plea of privilege, claiming that the proper venue of the suit lay in Collin county, the county of his residence, instead of Dallas county. The plea was duly put in issue by a controverting affidavit filed by plaintiffs.

"On the 9th day of October, 1919, a hearing was had on said plea, and the court sustained the same and ordered the case transferred to the district court of Collin county, to which ruling and order plaintiffs excepted and have duly perfected their appeal to this court."

The plaintiffs' petition alleged (omitting formalities) as follows:

"W. V. Galbreath and L. B. Comer, plaintiffs, complaining of H. T. Farrell, defendant, respectfully represent to the court:

"I. That plaintiffs reside in Tarrant county, Tex., and the defendant in Collin county and said state, but is at this time in Dallas county.

"II. That on or about April 1, 1917, plaintiffs were each lawfully seized and possessed of an undivided one-third interest in and to the land and premises hereinafter described, holding same in fee simple. That each of the plaintiffs is still the absolute and beneficial owner of such one-third interest in said land in fee simple, and is entitled to the possession and enjoyment of the same. That on or about the day and year last aforesaid the defendant, who is the owner of the other undivided one-third interest in said land, entered upon said

---

premises and ejected plaintiffs therefrom and excluded plaintiffs from the exercise of their rights as tenants in common of said premises, and does now unlawfully withhold from the plaintiffs the possession of said premises and of every part thereof, to' plaintiffs' damage $6,000."

Section III thereof contains a description of the land which land is described as situated and lying in Dallas county, and embracing 132 acres.

"IV. That ever since the time of the trespass hereinbefore alleged the defendant has deprived plaintiffs, and is still depriving them, of the rental value of the two-thirds interest in said premises owned by them, which rental value of said two-thirds interest is the sum of, to wit, $6,000 a year.

. "V. That before defendant purchased the land above described he agreed with plaintiffs, for valuable and sufficient consideration, that he would do so; agreed that he would have the legal title conveyed to himself alone; and agreed that (though the deed was to be made as aforesaid) he and the plaintiffs should in fact have and enjoy equal interests and rights in said land, each owning an undivided one-third interest therein. That said agreement was carried out so far as the acquisition of the land was concerned; and, when the legal title thereto was conveyed to defendant, it came to him impressed with an express parol trust in favor of plaintiffs, by virtue whereof they became and still are the equitable and beneficial owners of two-thirds of the land, each having an undivided one-third interest therein. That said land contains as a part thereof extensive deposits or beds of gravel of good quality and great value, which fact was known to plaintiffs and defendant before the purchase of the land, and constituted the chief inducement to its acquisition by the parties to this suit, it being their plan and purpose to connect such gravel beds with transportation facilities and develop and exploit such gravel beds and derive large profits therefrom, which plan is entirely feasible and could now be fully carried out with great profit to all three of said parties. That defendant, however, now fails and refuses to carry out said plan or permit same to be done, and is seeking to repudiate said trust, and is showing a disposition to question plaintiffs' right and interests as above stated, and is wrongfully excluding plaintiffs from the possession and enjoyment of any part of said land, to their great damage as aforesaid.

"VI. Wherefore, plaintiffs pray that the defendant be cited to appear and answer this petition; that on the trial hereof plaintiffs have judgment for the restitution of said premises according to their respective interests as above set out; that plaintiffs have judgment for their rents, damages, and costs of suit; and that they have all such other and further relief, both legal and equitable, as to the court shall seem just and proper. ,

"Defendant's plea of privilege (contained in his original answer) is in the usual form, alleging his residence in Collin county and claiming the privilege to be sued there.

"Plaintiffs' sworn plea controverting said plea of privilege is also in the usual form and refers to the particular statutory exception relied upon and points out the fact that the suit is one for the recovery of land.

"That upon the hearing by the court upon the plea of privilege of the defendant H. T. Farrell to be sued in the county of his residence, to wit, the county of Collin, the following proceedings were had:

"The defendant presented and read to the court his plea of privilege. The plaintiffs presented and read to the court their sworn plea controverting said plea of privilege.

"It was agreed in open court, between the plaintiffs and the defendant, that the land described in the plaintiffs' petition is situated in Dallas county, Tex.

"It 'was admitted by the plaintiffs in open court that at all times continuously since prior to the filing of this suit the defendant has resided and had his domicile and now resides and has his domicile in Collin county, Tex."

The court proceeded to hear testimony tending to show that plaintiffs were not entitled to recover the land and changed the venue to Collin county. Appellants laid the venue for the recovery for the land in Dallas county on subdivision 14 of article 1830, which reads as follows:

"Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

[1, 2] We are of the opinion subdivision 14, art. 1830, fixes venue for an action of this kind in the county where the land is situated, and it was proper for the court under the circumstances to have heard evidence of other venue facts contrary to the fact that the land sued for was situated in Dallas county. Gardner v. Randell, 70 Tex. 453, 7 S. W. 781; Lucia v. Adams, 36 Tex. Civ. App. 454, 82 S. W. 335; Schultz v. Scott, 210 S. W. 830; Thomason v. Ham, 210 S. W. 561; Henderson v. Rushing, 47 Tex. Civ. App. 485, 105 S. W. 840; Sachs v. Goldberg, 159 S. W. 92; Thomson v. Locke, 66 Tex. 383, 1 S. W. 112.

The venue of this suit in a county other than the residence of the defendant is fixed by the statute where the land sought to be recovered is situated, and proof of other facts than where the land is situated does not affect the location of the land, and the suit was properly brought in Dallas county.

The judgment is reversed, and cause remanded.