**SEMANS et al. v. ADAMS et al. (No. 1181.)**

(Court of Civil Appeals of Texas. El Paso. Feb. 24, 1921.)

Time ⬦➡10(1)—Under lease dated December 1, payment of annual rental on December 1, or when that was Sunday on following day, held in time.

Under a mineral lease dated December 1, 1916, providing that the lessee might prevent forfeiture by paying a specified annual rental quarterly in advance, payment of such rental on December 1 would have been in time, under the rule that the day on which a cause of action accrues is to be excluded, and, where that day was Sunday, payment on the following day was in time.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Suit by W. C. Adams and another against Harold W. Semans and others. From a judgment for plaintiffs, defendants appeal. Reversed and rendered.

Ben L. Cox, of Abilene, for appellants.

B. L. Russell, of Baird, and Dallas Scarborough, of Abilene, for appellees.

WALTHALL, J. This suit was brought by W. C. Adams and R. B. Forbes, appellees, against I. W. Semans, Harold W. Semans, and B. F. Hoffaker, appellants, to cancel a mineral lease on 252½ acres of land in Callahan county, Tex.

The lease was originally executed by W. C. Adams and wife, as lessors, to B. F. Hoffaker, as lessee, and is dated December 1, 1916. After the lease was executed Adams and wife conveyed a portion of the land to Forbes. Hoffaker assigned the lease, and at the time of the trial the lease was owned by Harold W. Semans. The lease is in the usual form of such instruments, and we will state only such portions of it as may be necessary. Among others, this provision occurs:

"In case operations for either the drilling of a well for oil, gas, mining, or other minerals is not commenced and prosecuted with due diligence within one year from this date, then this grant shall immediately become null and void as to both parties; provided, that second party [Hoffaker] may prevent such forfeiture from year to year by paying to the first party [Adams and wife] the sum of $62.75 per annum, payable quarterly in advance, until such well is commenced, or until shipments from such mines have begun, and it is agreed that the completion of a well shall operate as full liquidation of all rental under this provision during the remainder of the term of this lease, which payments can be made at Farmers' National Bank of Cross Plains, or payable direct to party of the first part."

The lease was for a term of five years and and as much longer as oil, water, gas, or other minerals could be produced in paying quantities. The petition alleged a breach of the contract in failing to commence any operations for the development of the minerals and in failing to pay the money consideration, as above provided.

Appellants answered by general denial, payment to the bank designated of the money rentals, or money consideration mentioned in the contract, and acceptance of the money by plaintiff.

By supplemental petition plaintiffs allege that in the event the money was deposited to plaintiffs' credit in the bank, as alleged, and if same was checked out by plaintiff, it was

done through mistake and through an error of the bank in which said money was deposited, and not on account of the conduct of plaintiff. In their pleading plaintiffs state: "These plaintiffs here now tender into this court said sum of $62.50." They deny that the funds, or any part of it, had ever been used, but that they had notified the bank that the money would not be accepted and to return it to defendants.

The case was tried without the aid of a jury. The court made and filed findings of fact and conclusions of law. The facts are practically uncontroverted, and are substantially as follows:

The 1st day of December, 1918, was Sunday. On that day, what is called rentals in the evidence had not been paid. The rentals then due were not paid to appellees, nor to either of them, nor were they deposited in the bank prior to nor on the 1st day of December, 1918. The full amounts of the rentals due Adams and Forbes on the 1st day of December, 1918, were deposited by appellants in the depository bank, proportionately to Adams and to Forbes, on Monday, the 2d day of December, 1918. On the 3d day of December, 1918, appellee Adams made inquiry at the depository bank and was advised by the bank of the deposit of the rentals on the 2d day of December. Adams and Forbes then told the bank not to accept the deposit. Adams and Forbes had no joint account with the bank, but each had with the depository bank individual checking accounts. The bank made no transfer of the deposited rentals from Adams' or Forbes' account to appellants, nor to either of them, nor did the bank in any manner return the deposited rentals to appellants; but the deposited rentals remained in the bank as deposited, that is, to the individual checking accounts of Adams and Forbes. Adams checked on his account at the depository bank, and on the 27th day of May, 1919, his checking account at the bank was $1.80 in Adams' favor. It was not Adams' intention to check out or use any of the money deposited to his account as rentals. Forbes did not check out any of the rentals placed to his account, but the rentals placed to his account remained in the bank to his credit. On November 19, 1919, the rentals covering all of the lands in controversy was paid into the depository bank to the credit of Adams, and none of it was placed to the credit of Forbes. Adams checked on his account, and on the close of the bank on November 19, 1919, Adams' balance in the bank was $56.17. On the trial, in February, 1920, Adams, in his pleading, offered to pay into court the sum of $62.50, of rentals deposited in the bank to his account, but did not accompany his offer with the tender into court of any amount of money.

The court concluded, as a matter of law, that, the rentals not having been paid on December 1, 1918, in compliance with the terms of the lease, the lease was on that account forfeited. The court rendered judgment in favor of Adams and Forbes, and against appellants, I. W. Semans, Harold W. Semans, and B. F. Hoffaker, canceling the lease, and ordered that: "The sum of $62.50, same being the rental deposited to the credit of plaintiff Adams, be delivered to the defendants."

By the first assignment, and the propositions thereunder, appellants insist that the payment of the rentals due on Sunday, the 1st day of December, 1918, and paid on Monday, before a forfeiture was declared, was in time, and that judgment should have been for appellants. The only question to be determined is, Were the rentals paid into the depository bank within the one year, beginning December 1, 1918, as provided by the contract?

We think the question presented in the first assignment is decided by the Supreme Court of this state in the following cases: In Smith v. Dickey, 74 Tex. 61, 11 S. W. 1049, it was held that in computing the time the day on which a cause of action accrues is to be excluded. Under that case, and the cases there referred to, as applied to the case at bar, rentals paid into the depository bank on the 1st day of December would have been within the one year provided in the contract. The 1st day of December, 1918, falling on Sunday, under the case of Ætna Life Ins. Co. v. Wimberly, 102 Tex. 46, 112 S. W. 1038, 23 L. R. A. (N. S.) 759, 132 Am. St. Rep. 852, appellants had the right to pay the rentals on the following Monday, which they did.

By reason of the above holding, the other assignments are unimportant.

The case is reversed and here rendered for appellants.