## MITCHAM et al. v. TEXAS & P. RY. CO. et al.

### No. 2859.

Court of Civil Appeals of Texas. El Paso.
June 22, 1933.

Rehearing Denied July 13, 1933.

Percy Woodard and Jones & Jones, all of Marshall, and E. C. Stovall, of Canton, for appellants.

Wynne & Wynne, of Wills Point, for appellees.

WALTHALL, Justice.

Mrs. Marietta Mitcham, joined by her husband, I. W. Mitcham, brought this suit against the Texas & Pacific Railway Company and Texas Short Line Railway Company for damages for personal injuries to herself, and to her infant daughter, Mary Edna Mitcham, said injuries alleged to have been caused to them through the negligence of defendants, when the automobile in which they were riding as an invited guest of one F. A. McNabb came into collision with one of defendant's trains at a grade crossing of the public road. Upon motion a verdict was instructed as to the Texas & Pacific Railway Company, and no objection having been made as to such instruction we need not further refer to it. Plaintiff also took a voluntary nonsuit without prejudice in behalf of the infant.

The defendant Short Line Railway Company answered by general denial and further assigned certain acts as negligence on the part of plaintiff Mrs. Mitcham, as proximately causing or contributing to cause the injuries complained of.

The case was submitted to a jury on special issues.

The jury found some of the submitted issues of negligence against defendant Short Line Railway Company.

The jury found that the plaintiff Marietta Mitcham failed to keep a proper lookout for the protection of herself and that such failure was contributory negligence.

The jury assessed the damages sustained by plaintiff as the direct result of the collision in question at the sum of $500.

The court sustained defendant's motion and rendered judgment for defendant. The court overruled plaintiffs' motion for a new trial and plaintiffs prosecute this appeal.

### Opinion.

The court defined the term "negligence" as used in the question submitted to the jury.

The court then defined "contributory negligence" as the term is used in questions submitted to the jury as meaning "some negligence on the part of the plaintiff Marietta Mitcham, which, concurring with some negligence on the part of the agents and employees of the defendant, Texas Short Line, caused or contributed to the cause of the collision in question."

Plaintiffs objected to the charge before the same was read to the jury on the ground that the definition given of contributory negligence "does not instruct the jury that plaintiff would be guilty of contributory negligence only in the event the action complained of is such as that the injury complained of would not have occurred but for such action."

The point of objection to the definition of contributory negligence in the court's charge now urged is: "That said instruction nowhere informed the jury that for the negligence of plaintiff to be contributory negligence, it must have been such as that the injury complained of would not have occurred, but for said negligence." Plaintiff discusses the failure of the court to give a proper definition of contributory negligence in connection with the omission to submit the issue of proximate cause in connection with the issue of failure of Mrs. Mitcham to keep a proper lookout and we will first dispose of the omission in the charge to submit proximate cause.

■ The court defined "proximate cause" as that term is used in the questions submitted, but in submitting the issue of the failure of plaintiff Marietta Mitcham to keep a proper lookout for her own protection, and whether such failure was contributory negligence the court did not submit to the jury, in that connection, whether such contributory negligence was a proximate cause of the collision; nor did appellant object to such

omission from the charge. Under article 2185 of the statute, an objection not made and presented is regarded as waived.

■ Omitting from consideration the objection that the charge in submitting the issue ·of contributory negligence in the failure of Mrs. Mitcham to keep a proper lookout for her own safety did not, in connection therewith, submit proximate cause as a separate and distinct issue, the question is presented, Was the court in error in defining contributory negligence? We think not.

The charge, in its definition, sufficiently tenders the issue of contributory negligence.

We have considered the issues not discussed, and they are overruled.

Finding no reversible error in the record the case is affirmed.