## SAENGER v. DALLAS RY. & TERMINAL CO.

### No. 2930.

Court of Civil Appeals of Texas. El Paso.
Jan. 11, 1934.

Rehearing Denied Jan. 25, 1934.

White & Yarborough, of Dallas, for appellant.

Autry Norton and Worsham, Rollins, Burford, Ryburn & Hincks, all of Dallas, for appellee.

WALTHALL, Justice.

This is a personal injury case. The case arose out of a collision in the city of Dallas, Tex., between an automobile driven by appellant and a street car owned and operated by the appellee. Appellant sued to recover damages for personal injuries resulting to him and to his automobile growing out of such collision, assigning specific acts of negligence on the part of appellee as proximately causing said injuries and damages. Appellee answered with general and special exceptions, general and special denial of the negligence complained of, and pleas of specific acts of negligence on the part of appellant as proximately causing, or contributing to cause, the collision.

The case was submitted to a jury on special issues. The jury found in favor of appellant and against appellee on some of the specific acts of negligence, and in favor of appellee and against appellant on one of the negligent acts assigned as proximately causing, or contributing to cause, the collision and resulting injuries and damage complained of.

The court received the verdict of the jury and entered judgment thereon that appellant take nothing by his suit. Appellant timely excepted, filed his motion for a new trial, which the court overruled, and prosecutes this appeal.

Opinion.

Several of the questions presented submit error in the charge of the court in submitting the issues to the jury. The transcript does not show that any objection was made to the court's charge at any time or in any way.

Article 2185 of the Revised Civil Statutes provides, in part, that the charge of the court shall be in writing, shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, "and all objections not so made and presented shall be considered as waived."

The above provisions of the statute have been literally interpreted and uniformly observed by the appellate courts, including this court, in Alderete v. Cabello (Tex. Civ. App.) 278 S. W. 950; Mitcham et al. v. Texas & Pacific R. Co. (Tex. Civ. App.) 62 S.W.(2d) 179; Thweatt v. Ocean Accident & Guarantee Corporation (Tex. Civ. App.) 62 S.W.(2d) 250.

On the trial one of appellee's attorneys, in his argument to the jury, said: "This is the same as a criminal case. They ought to be over in the Criminal Court. Are you going to convict this motorman that was running that street (car) that ran into the plaintiff's automobile and charge him with a crime and ruin him?"

Appellant's counsel objected to the remark as being prejudicial, inflammatory, out of the record, and as leading the jury to believe that a verdict for appellant on the submitted issues would convict the motorman of a crime, when in fact the case was not against the motorman. The court overruled the objection, and appellant excepted:

We think the remark of counsel does not present reversible error. That is the extent of our holding. We must accredit the jury as being reasonably intelligent. The jury certainly knew the motorman was not on trial for any crime (the remark of counsel did not say he was); that the issues submitted to them were issues of negligence of appellee street car company. The remark of counsel does not indicate that facts not in proof were asserted. The conclusion of counsel as to the effect of the finding upon the motorman was but an inference drawn by counsel. No injury is shown to have resulted to appellant from the remark. The record affirmatively shows, we think, that the remark had no harmful effect.

The jury found that the street car company was negligent in several acts stipulated. All of the evidence was then before the court, and the question of its harmful effect was then a question of law and not of fact. Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091.

We have considered all the questions presented, and think no reversible error is shown. The findings of the jury on the issue of contributory negligence of appellant, in our opinion, authorized the judgment entered.

The case is affirmed.