## HUESCHEN v. DUNN.

### No. 11948.

Court of Civil Appeals of Texas.
San Antonio.

April 6, 1949.

Robert G. Caruth and Frank Vaughan, both of San Antonio, for appellant.

James McCollum Burnett and Donald W. Smith, both of San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from a judgment establishing a parol trust in land in favor of the appellee, Mrs. Ina Dunn. The court decreed that Mrs. Dunn recover title and possession of the south one-third of Lots Numbered 1 and 2, in Block 4, New City Block 3136, in San Antonio, Texas. The appellant, Mrs. Bernice O. Hueschen, was allowed a recovery of $55.26 paid by her in discharge of the final payment upon a note secured by a lien upon the property and for the payment of taxes made by her.

Appellee testified that in 1938 she made an oral agreement with John D. Carson, who was named as a defendant below but did not appeal, whereby Carson accepted a deed to the property above described in his name, but held the same for the benefit of the appellee; that at the time the property was purchased, Mrs. Dunn was employed by the W. P. A. and was afraid she would jeopardize her position by taking the title in her name; that she and Carson expected to be married, and Mrs. Dunn gave him $50.00 with which he made the down payment; that Carson executed a note for $625.00, payable at the rate of $9.00 per month; that she paid all of these installments with the exception of the last one, which was voluntarily paid by the appellant, Mrs. Bernice O. Hueschen, who was a daughter of Mrs. Dunn; that, contrary to the oral agreement and despite the payments made by Mrs. Dunn, Carson conveyed the property to Mrs. Hueschen, who now asserts title thereto.

Appellant contends that the testimony relating to the parol trust was inadmissible because of the provisions of the Texas Trust Act of 1943, Articles 7425b—1 et seq., Vernon's Ann.Civ.Stats., and the statute of frauds, Article 3995, § 4, Vernon's Ann.Civ.Stats.

In the case of Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471, the Supreme Court held that the 1943 Act would not be given a retroactive effect so as to make unenforcible parol trusts which had their inception prior to the time of the adoption of the Act. As above pointed out, the parol trust in this case arose in 1938.

We are also of the opinion that the equitable title asserted by Mrs. Dunn is not proscribed by Section 4 of Article 3995. Prior to the passage of the Texas Trust Act, it was well settled that a trust could be engrafted upon a deed by parol. Binford v. Snyder, supra; Faville v. Robinson, 111 Tex. 48, 227 S.W. 938; James v. Fulcrod, 5 Tex. 512, 55 Am.Dec. 743.

The case of Allen v. Allen, 101 Tex. 362, 107 S.W. 528, opinion by Mr. Justice Williams, contains an able and comprehensive discussion of the Texas statute of frauds and its relation to parol trusts. The trust

here recognized and enforced by the trial court does not violate the principles and rules laid down in Allen v. Allen.

We have carefully considered all of appellant's points of error, but are of the opinion that none of them discloses a reversible error. Trial was to the court without a jury. No express findings and conclusions appear in the transcript. The evidence viewed in the light most favorable to the prevailing party below supports the judgment rendered, which is accordingly affirmed.

SMITH, C. J., and MURRAY, J., concur.