**POWE v. POWE et al.**

No. 12659.

Court of Civil Appeals of Texas.

San Antonio.

April 28, 1954.

Rehearing Denied May 26, 1954.

Harry B. Berry, Alonso S. Perales, and Marvin T. Deane, San Antonio, for appellant.

B. P. Matocha and Orville C. Walker, San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a judgment establishing a parol trust in real estate. Trial was to a jury and the following statement is made from the undisputed evidence and the jury's findings:

Frank E. Powe, Nettie E. Dunham, whose husband is G. L. Dunham, and Jasper A. Powe, were the children of A. E. Powe and Lillian E. Powe. Prior to July 31, 1940, G. L. Dunham, and the Powe brothers entered into an agreement that they would buy property jointly, "each to pay one-third of the purchase price, title to be taken in the name of one of said parties for the benefit of each of said parties." (Special Issue No. 1.) On the date mentioned, Dunham signed a contract to purchase Lots 3 and 4, Block A, Pleasanton Park Annex, an addition to the City of San Antonio, Texas. The following February, in pursuance to the terms of the contract, the vendor, H. M. Gebhardt, conveyed the property to G. L. Dunham and his wife, Nettie E. Dunham. The grantees, in addition to a cash payment, agreed to pay a first vendor's lien note for $1,250, payable to Travis Building & Loan Association, and a second vendor's lien note for $318.13, payable to Gebhardt. Upon the acquisition of the property, the parents, A. E. Powe and Lillian E. Powe, moved into a house located upon Lot 3, and continued to there reside until the death of Mr. Powe in March of 1943, after which the widow continued to occupy the house and was in possession thereof at the time of the trial. G. L. Dunham and Frank E. Powe each paid $930.40 upon the purchase price of the property, while Jasper A. Powe paid $1,089.09, of which amount $982 was paid upon the first lien note, after the execution of the deed from the Dunhams to him, hereinafter mentioned. (Special Issues Nos. 2, 3, 4, and defendant's Specially Requested Issue No. 3.) On July 6, 1942, Dunham conveyed the legal title to the property to Jasper A. Powe, because, according to his testimony, he was about to be drafted into the army and for that reason thought Powe would be in a better position to handle the property for the old folks than he could. Thereafter, on April 18, 1952, with the consent of the interested parties, Jasper A. Powe conveyed Lot 4, Block A, of the addition, which was unoccupied by buildings, to other persons for a consideration of $600. A few months thereafter, on July 4, 1952, Jasper A. Powe died, leaving a will in which his wife, Bertha A. Powe, the appellant here, was named as executrix and sole beneficiary. Appellant refused to recognize the trust claimed by the Dunhams and Frank E. Powe, but, on the contrary, asserted absolute ownership and sought to oust Lillian E. Powe from possession by means of a forcible entry and detainer action, which resulted in the filing of the present lawsuit.

The trial court upon motion properly disregarded an issue based upon the five-year statute of limitations, Article 5509, Vernon's Ann.Tex.Stats., as being wholly without support in the evidence, 44 Tex. Jur. 748, and rendered judgment "that a trust be impressed upon the property and that a fee simple title be fixed in favor of the following parties respectively: Frank E. Powe, a one-third (⅓) interest; G. L. Dunham and wife, Nettie E. Dunham, a one-third (⅓) interest; (and) Bertha A. Powe, a one-third (⅓) interest * * *." The money equities between the parties resulting from the differences in amounts paid upon the purchase price and the sum received for Lot 4, were likewise adjusted.

Appellant contends that the jury's answer to Special Issue No. 1, wherein it found that Dunham and the Powe brothers entered into an agreement to acquire the property jointly is without support in the evidence, as it appears that Frank E. Powe was in Honolulu the day Dunham signed the contract with Gebhardt. It appears, however, that prior to the signing of the agreement, the matter of acquiring a home for the aged parents of the Powe children had been discussed, and an agreement made to acquire such property. Frank E. Powe was present at these conversations and it was not necessary that he be physically present when Dunham carried the general agreement into execution. It appears that the contract of purchase was signed by Jasper A. Powe, as well as by Dunham, and that Dunham, who acquired the legal title from Gebhardt, at all times recognized Frank E. Powe's interest in the

property. He testified that he bought the property for Frank E. Powe, insofar as a one-third interest was concerned, and the jury found that Frank E. Powe had paid a substantial part of the consideration therefor. We hold the jury's answer to the first special issue is supported by the evidence. James v. Fulcrod, 5 Tex. 512; Gardner v. Randell, 70 Tex. 453, 7 S.W. 781; Lucia v. Adams, 36 Tex.Civ.App. 454, 82 S.W. 335; Buckner v. Carter, Tex. Civ.App., 137 S.W. 442.

■ Appellant, in effect, contends that the conveyance from Dunham to Jasper A. Powe destroyed the trust. This argument must be considered in the light of the jury's finding that the property was originally purchased for the benefit of Frank E. Powe, Jasper A. Powe and the Dunhams, although the legal title was taken in the name of G. L. Dunham. According to Dunham, he conveyed the property to Jasper A. Powe because Frank E. Powe was in the Navy and he, Dunham, expected to be drafted. At the time Jasper A. Powe was in the Canal Zone, but was expected back in San Antonio, and he "would be the logical person to take care of the place during the war." From the warranty clause of the conveyance, there was excepted the two liens against the property. While it is true that Jasper A. Powe was not in San Antonio at the time the deed of conveyance was executed and placed of record by Dunham, he knew that Dunham held the legal title as a trustee. This is shown conclusively, inasmuch as he signed the agreement which resulted in the conveyance of the property to Dunham. It also appears that Jasper A. Powe paid no consideration for this conveyance, and under the circumstances it can not be concluded that he received anything more than the legal title. The parents, A. E. Powe and Lillian E. Powe, continued to reside upon the premises and apparently the property was handled in much the same way as it had been when the legal title thereto was in Dunham, with the exception that Jasper A. Powe was substituted for Dunham as the trustee. The fact that the deed to Jasper A. Powe contained a provision that he took subject to the liens then outstanding against the property, did not prevent appellees' showing by evidence, oral, circumstantial or otherwise, that Jasper A. Powe took as a trustee only. Cluck v. Sheets, 141 Tex. 219, 171 S.W.2d 860; Grantham v. Anderson, Tex.Civ.App., 211 S.W.2d 275; 65 Corpus Juris, Trusts, § 296; Restatement of the Law, Trusts, § 29. We need not consider the Texas Trust Act of 1943, Article 7425b–1, Vernon's Ann.Civ.Tex.Stats., as the parol trust asserted in this case arose before the effective date of said Act. Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471; Hueschen v. Dunn, Tex.Civ.App., 219 S.W.2d 586.

What has been said effectively disposes of this case. In the state of the record and the instructions of the trial judge, we are of the opinion that appellant's points relating to argument of counsel do not present a reversible error. Van v. Webb, Tex.Civ. App., 237 S.W.2d 827; Carson v. Amberson, Tex.Civ.App., 148 S.W.2d 972.

All of appellant's points have been considered. None of them present a reversible error and the judgment is accordingly affirmed.