JOHN T. HARDIE & CO. v. GEO. B. CAMPBELL AND WIFE.

(Case No. 1872.)

1. DEED — DEFEASANCE. — It is not every sale of the homestead involving a condition of defeasance which is rendered void by the clause in the constitution relating to that subject, but the constitution declares that pretended sales involving such conditions shall be void.

2. HOMESTEAD, SALE OF. — A conveyance by husband and wife, absolute on its face, of the homestead, with a cotemporaneous agreement with the vendee that it shall be reconveyed on repayment to him of the money purporting to constitute the consideration in the deed, is inoperative and void if the transaction was effected to secure the payment of a debt.

3. SAME. — If, however, the relation of creditor and debtor between the parties was terminated by the deed executed by the husband and wife, the deed would be valid. If, on the other hand, the real nature of the transaction was such that the relation of creditor still existed after the execution of the deed, then it would be considered as a pretended conveyance involving a defeasance and invalid as affecting the homestead.

4. Conditional sale — Homestead. — A homestead was conveyed by deed absolute on its face, based on the following proposition by the purchasers: "We will give you $7,000 for your place, you to have the deed made to us, same to be examined by some good attorney, and to give us your notes for the rent at $50 per month. The insurance on the house to be transferred to us, but at present we could not promise to increase your salary or to extend your note for $1,500. If at the end of twelve months you wish to purchase the house from us, you can do so on favorable terms. You will please answer promptly. Your year is out with us on the 15th of this month." *Held*, that there was nothing in the letter which, unaided by other facts, would constitute the transaction a conditional sale.

Appeal from McLennan. Tried below before the Hon. B. W. Rimes.

On January 23, 1882, appellees brought this suit against appellants to restrain the prosecution of a case of forcible detainer, wherein they claimed that it was sought to recover their homestead. Also to cancel a deed from appellees to appellants, dated June 10, 1880, for the property, on the ground that it was a *pretended* sale of the homestead, involving a condition of defeasance, etc.; that while the deed was absolute in form, it was but a security for debt, and so intended.

The appellants claimed the property by purchase, and denied that the transaction was pretended, etc.

Verdict and judgment for appellees.

Among other charges the court gave the following:

"No. 2. The deed of conveyance to the premises in controversy from plaintiff to the defendants, of date June 10, 1880, in evidence before you, is absolute on its face, and vests the legal title to said premises in defendants. But in this connection you are instructed that if you believe, from the evidence, that at and before the execution and delivery of said deed from plaintiffs to defendants it was understood and agreed between the defendants and the plaintiff Geo. B. Campbell that the latter should have the option of repurchasing the premises at any time within twelve months thereafter by repayment by plaintiffs to defendants of the consideration expressed therefor, to wit, $7,000, and that the plaintiff Geo. B. Campbell, at the time of the execution and delivery of said deed, represented to his wife that such was the agreement and understanding between him and the defendants, and she was induced to sign and deliver said deed by such representations, if any, so made by her husband, that he should have the privilege of repurchasing said land for $7,000 within twelve months thereafter, and that the defendants received said deed with such agreement and understand-

ing, then you are instructed that the legal effect of such under-standing and agreement, if any, was to change the character of said conveyance from an absolute deed to a deed involving a deed of defeasance; and if the jury believe that the premises thus con-veyed was the homestead of plaintiffs, then such conveyance is of no validity, and you will find for plaintiffs; but if you believe, from the evidence, that there was no such agreement or understanding between the defendants and plaintiff Geo. B. Campbell at and be-fore the execution and delivery of said deed of conveyance, that he (Campbell) should have the right to repurchase said premises at any time within twelve months after the execution and delivery of the same upon the payment by plaintiffs to the defendants of the consideration therefor, to wit, $7,000, and defendants received said deed with no such intention, then you will find for the defendants, although you may believe that Mrs. Campbell, relying upon repre-sentations made by her husband at the time she signed and deliv-ered said deed, that said Geo. B. should have the option to purchase said premises, was induced to sign the same.

"No. 3. You are further instructed that the real question for you to determine in this case is, with what intent did plaintiffs deliver the deed, and with what intent did defendants receive it. If it was delivered and received with an intention and understanding between the parties that it only should be a security for the debt of Geo. B. Campbell to defendants and for future advances in money to him by defendants, then that is its true character, and if you so believe you will find for plaintiffs. But if, on the contrary, you believe that said deed was intended by the parties that said conveyance should be an absolute and *bona fide* sale of said premises to defendants, and de-fendants received it as such, without any agreement or understand-ing between the parties that George Campbell should have the right to repurchase said premises within twelve months after the delivery of said deed, then you will find for defendants."

The letter on which the trade for the conveyance was consum-mated will be found in the opinion.

*Walton & Hill* and *Jones & Kendall*, for appellants, cited: Dugan *v.* Colville, 8 Tex., 128, 129; Hunt *v.* Turner, 9 id., 288–391; Boat-right *v.* Peck, 33 id., 75, 76; Moreland *v.* Barnhart, 44 Tex., 275; id., 283, and cases cited; Pool *v.* Chase, 46 id., 210; Brewster *v.* Davis, 56 id., 479–481; Chase's Case, 17 Am. Dec., 290, 291; also note to said case on pages 300 to 306; Grunter *v.* Laflan, 7 Cal., 594; Hamilton *v.* Cummings, 1 Johns. Ch., 524, 525; Porter *v·*

Jones, 6 Cold., 321, 322; N. Y. & H. R. R. Co. v. The Mayor, etc., 1 Hilt., 587; Pujol v. McKinlay, 42 Cal., 568; Nelson & Hatch v. Dunn, 15 Ala., 515; Evans et al. v. Fulsom, 5 Minn., 429, 430; Putnam v. Ritchie, 5 Paige Ch., 404, 405; N. Y. & N. H. R. R. Co. v. Schuyler, 38 Barb., 554; Wait's A. & D., vol. 1, 155, 156; id., vol. 3, § 3, p. 139; § 6, pp. 154, 158; § 2, p. 196; § 12, p. 179, pp. 182, 188; § 3, p. 199; § 8, p. 201.

*Clark & Dyer*, for appellees, cited: Davis v. Brewster, 59 Tex., 93; Const., art. XVI, § 50; Journal Conv., 1875, pp. 559, 569, 709; Ragland v. Wisrock, 3 Tex. Law Rev., 291; Davis v. Brewster, 59 Tex., 93; Franklin v. Mooney, 2 Tex., 452; 1 Greenl., 297–300; Mercer v. Hall, 2 Tex., 284; Robinson v. Varnell, 16 Tex., 382.

WATTS, J. COM. APP.— In the second paragraph of the charge as given, the proposition is distinctly announced that if it was the understanding and agreement of the parties at the time the deed was executed and delivered, that Campbell should have the option of repurchasing the property at any time within twelve months, by the repayment to appellants of the consideration expressed in the deed, to wit, $7,000, then the deed involved a condition of defeasance, and, being a conveyance of the homestead, would have no validity.

That is not the settled doctrine in this state. In Astugueville v. Loustaunau, 61 Texas, 233, the court, in speaking of that clause in the constitution which provides " that all pretended sales of the homestead involving any condition of defeasance shall be void," remarked that, " Under this clause of the constitution, it is not every sale of the homestead involving a condition of defeasance which it declares shall be void; but it declares that all *pretended* sales involving such conditions shall be void."

If it was intended by the parties that the title should vest in appellants by reason of the conveyance, but subject to be divested within the designated time by Campbell paying to appellants the specified amount, then such a transaction would amount to a sale, as contradistinguished from a *pretended* sale.

But, notwithstanding the form of the conveyance, if it was the intention of the parties that the title was not to vest in appellants, but the object and intention was to secure them in the payment of a debt owing appellants by Campbell, then the transaction would amount to a *pretended* sale involving a defeasance, which would render the deed invalid.

By that portion of the charge under consideration the jury might well have understood that any and all conditional sales of the homestead, whether *real* or *pretended*, would fall under the condemnation of the organic law.

It is not true, as claimed, that this error was cured by the third paragraph of the charge as given. The real issue is well stated in that part of the charge, for if the deed was executed and delivered by the one party, and received by the other, upon the understanding and with the intention that it should only be a security for a debt owing by Campbell to appellants, then it would be invalid. After thus stating the law to the jury, the court reiterated the proposition that any conditional sale of the homestead is void.

From an examination of the entire charge as given, our conclusion is that it is erroneous, and that the jury, by reason of the error, may have been misled to appellants' injury.

That a deed absolute on its face may be shown, by reason of the intention of the parties, to be a security for debt, and therefore in legal contemplation a mortgage, is so firmly settled as to admit of no question. Carter *v.* Carter, 5 Tex., 93; Fowler *v.* Stoneum, 11 Tex., 478; Hudson *v.* Wilkinson, 45 Tex., 445.

But the burden is upon the party who asserts that such a conveyance is, in fact, a mortgage to clearly establish the fact by competent evidence. 2 Wharton's Evidence, § 1032, etc. .

When it is claimed that such a conveyance was in fact intended as a mortgage, the usual test applied is this: Was the relation of creditor and debtor terminated by the transaction? If so, it is not a mortgage; but if the debt subsists, and that relation exists as well after as before the transaction, then the instrument will be considered as a mortgage.

In the case of Loving *v.* Milliken, 59 Tex., 425, Chief Justice Willie enumerates the circumstances from which courts of equity usually deduce the conclusion that a deed, though absolute in form, is in effect a mortgage. And while some of these are shown to exist in this case, there are other circumstances disclosed by the record which tend to establish the other conclusion, and which it is deemed proper here to notice, as they ought to be considered upon another trial.

As heretofore remarked, the true test is the existence or non-existence of the relation of debtor and creditor, as between Campbell and appellants, after the execution of the deed. If, by the execution and delivery of the deed, and the receipt of the balance of the $7,000 by Campbell, the relation of debtor and creditor

theretofore existing between them was terminated, that is, after that transaction appellants held no debt against Campbell, then the conveyance would be valid. But if the relation of debtor and creditor as between these parties continued after the execution and delivery of the conveyance, then it will be considered a *pretended* sale involving a defeasance, and therefore invalid so far as it affects or seeks to affect the title to the homestead.

Now, the expression contained in the letter from appellants to Campbell dated June 5, 1880, in these words: "If at the end of twelve months you want to purchase the house from us, you can do so on favorable terms," is not susceptible of the construction which seems to have been claimed for it. But when considered in connection with that part of the letter relating to the transaction, it fails to show that the transaction was a conditional sale. The following extract from the letter referred to contains all that is therein said about the transaction, viz.:

"We will give you $7,000 for your place, you to have the deed made to us, same to be examined by some good attorney, and to give us your notes for the rent at $50 per month. The insurance on the house to be transferred to us, but at present we could not promise to increase your salary, or to extend your note for $1,500. If at the end of twelve months you want to purchase the house from us, you can do so on favorable terms. You will please answer promptly. Your year is out with us on the 15th of this month."

The fact that in the negotiation appellants declared to Campbell that he might repurchase the property on favorable terms at the end of twelve months, unaided by other circumstances and other facts, would not have the effect of making the transaction a conditional sale.

There are no specific terms stated upon which Campbell had the right to repurchase. The "favorable terms" upon which he could do so were left entirely to appellants. They alone would have the right to determine what terms would be favorable.

Mrs. Campbell says that Campbell had told her that "Hardie agreed that we might redeem at the end of the year, and at the time I signed the deed he repeated the same, and showed me a letter from Hardie & Co., dated the 5th of June, 1880, to the same effect." And Campbell says that he showed that letter to Mrs. Campbell and told her that he had the right to redeem the "property after a year."

That letter, unaided, does not, as before remarked, give Campbell the right to redeem the property. It is but a promise upon the part

of appellants that he may *repurchase* at the end of twelve months upon favorable terms.

In view of another trial further comment upon the facts is deemed inappropriate.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted February 13, 1885.]