John A. Lehman et al. v. Chatham Machinery Company.

Decided February 5, 1902.

Homestead—Deed—Mortgage.

An instrument in form of an absolute deed of the homestead, duly acknowledged by husband and wife, may be shown by parol evidence to have been intended as a mortgage, and as such to be void; the test of a mortgage is the relation of debtor and creditor, but all facts bearing upon the intention of the parties are to be considered together.

Appeal from Milam.    Tried below before Hon. W. G. Taliaferro.

*Monta J. Moore,* for appellants

*Hefley, McBride & Watson,* for appellees.

COLLARD, Associate Justice.—This suit was brought in the District Court of Milam County by A. M. Rhodes and H. G. Rhodes, a copartnership doing business under the firm name of the Chatham Machinery Company, in the form of trespass to try title and for damages, against G. Schrader and John and Selma Lehman, and judgment was rendered upon verdict for the company, from which defendants have appealed. The court instructed the jury to return a verdict for the plaintiff, the company.

1. Plaintiffs read in evidence general warranty deed of John D. Carothers to defendant John A. Lehman, dated April 7, 1891, reciting consideration of $287.50, of which $87.50 is acknowledged as paid in cash and two promissory notes, each for $100 due one November 1, 1891, and the other November 1, 1892, for the land sued for.

2. General warranty deed of G. Schrader, May 9, 1896, to A. M. and A. G. Rhodes, reciting a cash consideration of $300 for the land sued for.

3. General warrnty deed of defendants, John A. Lehman and his wife Selma, duly acknowledged, for the land, to plaintiffs A. M. and H. G. Rhodes, expressing a cash consideration of $2000, of date March 26, 1898, which conveys the land in controversy.

4. There was testimony to the effect that deed of John A. Lehman to Schrader, executed in 1892, was intended as a mortgage to secure a loan of $300, and that Rhodes, one of the plaintiffs, was informed of the fact before they took a deed from Schrader, which the parol evidence shows they did so, they agreeing to and paying Schrader the $300 for Lehman.

Lehman was indebted to plaintiffs for mill machinery about $2000, and there was testimony, besides that of Lehman, tending to show that the deed of Lehman and wife was intended by the parties as a mortgage to secure the debt. It was in proof that the land was the homestead of Lehman and wife before and during the time of these transactions, and is their homestead yet. The notes of Lehman evidencing his debt to the company were not delivered to him, and all the while he has retained possession of the premises, residing on the same.

There was testimony on the part of plaintiffs disputing the mortgage effect of the deed and knowledge on their part of such asserted fact.

*Opinion.*—Unquestionably the court below committed error in instructing the jury peremptorily to return a verdict for the plaintiffs, and that error assigned is sustained. The testimony warranted the submission of the question as to whether or not the deeds, though absolute in form, were intended as security only for debt, and if such was the fact, whether plaintiffs, or either of them, had notice of the fact as to the deed to Schrader at or before his deed to them. The court, under the facts, should have left these questions to the jury.

It has been long since and often decided by the courts of this State that a deed to land, absolute in form, may be shown by parol evidence to have been intended as a mortgage or merely security for debt, and in case of such a finding it will have the effect of a mortgage. Hardie v. Campbell, 63 Texas, 296, citing 5 Texas, 93; 11 Texas, 478; 45 Texas, 445; Hudson v. Wilkinson, 45 Texas, 445; Loving v. Milican, 59 Texas, 423. "The true test is the existence or nonexistence of the relation of debtor and creditor" after the deed; but this and all the facts bearing on the issue should be considered together. Appellant has cited many other authorities in support of his contention, but we deem it unnecessary to cite all of them.

Because of the error in the court's charge, as above indicated, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*