### McFARLANE et al. v. COUGER et al.

### No. 1990.

Court of Civil Appeals of Texas. Eastland.
March 15, 1940.

Rehearing Denied April 12, 1940.

McFarlane & McFarlane, of Graham, for appellants.

L. H. Welch, of Breckenridge, and Marshall & King, of Graham, for appellees.

GRISSOM, Justice.

In 1928 S. J. Allen sued John Couger and wife seeking a judgment on notes and a foreclosure of a lien against 160 acres of land in Stephens County, Texas. Allen recovered a judgment against Couger and wife for $2,244.50, and a foreclosure of a lien on said land. The Cougers were represented by R. W. and W. D. McFarlane as their attorneys. About the inception of this litigation a deed was executed by Couger and wife to said attorneys to the east 80 acres of said tract of land, which deed was placed in the possession of the McFarlanes. At the same time a rent contract was entered into by the terms of which the McFarlanes rented the 80 acres to the Cougers. The deed was dated December 5, 1928. It was not filed for record until 1937. While the Cougers were preparing an appeal from the judgment in said case, negotiations for settlement of the judgment were commenced and settlement effected on April 2, 1931 by the Cougers executing a warranty deed to the 160 acres to Mrs. Hassie E. Allen (widow of S. J. Allen) individually and as community administratrix. This deed was forthwith filed for record. The deed recited: "This Deed is made for the purposes of finally paying off and discharging the judgment in case of Hassie E. Allen for self and as community administratrix v. John Couger et al * * *".

With reference to the settlement of said judgment, the attorneys for Mrs. Allen wrote to McFarlane & McFarlane, attorneys for the Cougers, as follows:

"Answering your letter of July 5, 1930, beg to advise that the $1500.00 is the best proposition that I am able to obtain from Mrs. Allen. Therefore, as I understand

your letter this will be agreeable, to be as follows, to-wit:

"Pay the court costs on or before ten days from date and pay $500, being ⅓, on or before October 1, 1930, and $500 on or before October 1, 1931, and $500 on or before October 1, 1932, the deferred payments to bear interest at the rate of ten per cent.

"Now, as to the method of working this out, it will be as follows, to-wit: If the cost and ⅓ of the judgment is paid on or before October 1, 1930, then your clients, Mr. and Mrs. Couger will issue to Mrs. Allen a warranty deed, selling to her outright, and reciting the consideration to be the cancellation and payment of said judgment. Then Mrs. Allen will give Mr. and Mrs. Couger an option to purchase said place, being the L. Brauner Survey, fully described in the judgment of Allen vs Couger, tried at the June term of the District Court of Young County, providing that if the other two payments are made promptly on or before the due date, Mrs. Allen will convey by warranty deed said land to John Couger and wife. Otherwise, any and all payments made on the judgment will be forfeited.

"At the time the option to purchase is given to John Couger and wife, they will execute in favor of Mrs. Allen, a rental contract, recognizing Mrs. Allen's title.

"In the event the costs are not paid as herein specified, or the first payment due on October 1, 1930, then Mrs. Allen may proceed with her order of sale, and enforce said judgment as written."

Thereafter an escrow agreement was made by the Cougers and Mrs. Allen, as shown by the following letter written by Mrs. Allen to the Cougers and the escrow bank:

"I am the owner of all the Luther Brawner Sr. Survey of land in Stephens and Palo Pinto Counties, Texas, and have agreed to give John Couger an option to purchase said land, and enclose a deed properly conveying this land, which may become effective and delivered only upon the terms and conditions herein set out, to-wit:

"Upon the payment of $1500 payable to me at and thru the Graham National Bank, as follows: $500 on or before October 1, 1930, which amount has been paid with interest to that date, the receipt of which is hereby acknowledged $548 having been paid. $500 on or before October 1, 1931 and $500 on or before October 1, 1932 with interest from October 1, 1930 until paid at the rate of 10 per cent per annum from date until paid.

"If the consideration is paid in the time and manner above specified the Graham National Bank is hereby authorized to deliver said deed to John Couger, but if the consideration is not paid in the time and manner hereinabove specified or on the default of any payment the deed is to be returned to me and the deal will be at an end and all moneys paid shall be held by me as liquidated damages not a penalty, and as rent on the place for the time John Couger and wife may have lived on said place. (All rental rights and rights of possession to terminate, when the deed is returned to me.) This transaction is solely an option to purchase and is not a mortgage or security. You recognize me as the rightful owner of said land and accept the possession from me as my tenant as per the terms of a rental contract this day given by me to John Couger and wife, Breckie Couger.

"The Graham National Bank is named as the Escrow Agent to hold this deed and deliver the same as per the instructions herein given and is authorized to deliver the deed on the statement of me (Hassie E. Allen) and the same given in the delivery of said deed.

"This letter contains all of the agreement made by the parties hereto, except the rental agreement, which is also placed in writing and delivered in escrow herewith.

"Yours truly, Hassie E. Allen, For Self and As Com. Administratrix. Accepted: John Couger."

In October, 1938, the McFarlanes filed suit in trespass to try title against the Cougers and Mrs. Allen, seeking to recover the title and possession of the east half of said tract of land. Mrs. Allen, claiming to own all of the 160 acres in fee simple under and by virtue of the warranty deed from Couger and wife, dated April 2, 1931, but recognizing the validity of an option to purchase on behalf of the Cougers, filed a cross-action in the nature of trespass to try title against the McFarlanes and the Cougers. The Cougers, among other things, answered by general denial, plea of not guilty, asserted their rights under the option to purchase the

land from Mrs. Allen, and, among other things, alleged that the deed from the Cougers to the McFarlanes was void and ineffective, among other reasons, because said deed was in fact a mortgage on their homestead to secure the payment of an attorney's fee to the McFarlanes of $300, and further that said attorney's fees had been paid and settlement thereof made.

The case was tried to the court and judgment rendered against the plaintiffs (McFarlanes) and in favor of Mrs. Allen, individually and as community administratrix for the title and possession of the 160 acres of land, subject to the terms of the escrow agreement between Mrs. Allen and the Cougers. Plaintiffs alone have appealed.

At the request of plaintiffs the court filed findings of fact and conclusions of law. The court's findings of fact were substantially as follows:

(1) That the defendants John and Breckie Couger were married in 1901 and have lived together as husband and wife since said date. (2) That the land in controversy "was used and claimed as a homestead by John Couger and wife * * * on December 5, 1928 [the date of the deed from the Cougers to the McFarlanes] and at all times thereafter up until the date of the trial of this case." (3) That the deed by the Cougers to the McFarlanes on December 5, 1928 was not filed for record until the 16th day of December, 1937. (4) That said deed to the east half of the tract of land in controversy "was never delivered or intended to be delivered by the grantors in the deed; that the deed was executed to be held as security for the attorney's fee of McFarlane & McFarlane." (5) That Couger settled his attorney's fee with plaintiffs. (6) That Mrs. Allen had no notice of the execution of the deed from the Cougers to McFarlane until it was recorded. (7) That on April 2, 1931 the Cougers executed and delivered to Mrs. Allen a warranty deed conveying the land in controversy; that it was duly filed and recorded in the office of the County Clerk of Stephens County, Texas, on April 4, 1931. (8) That the deed from the Cougers to Mrs. Allen was prepared by plaintiffs and the acknowledgment taken by one of them. (9) That Mrs. Allen accepted the deed from the Cougers in payment of the judgment in the case of Allen against Couger; that the deed was not executed for the purpose of continuing or extending the original indebtedness; that the judgment had been paid by the conveyance. (10) That on April 4, 1931 Mrs. Allen executed an escrow agreement with John Couger in which she agreed to sell and convey to Couger the tract of land in controversy for a consideration of $1,500, and that the escrow bank had not been notified of any forfeiture of the agreement by Mrs. Allen, and, in substance, that the escrow agreement was still in force. (11) That on April 11, 1931 Couger executed an agricultural lease contract with Mrs. Allen covering the tract of land in controversy and that Couger has continued to hold possession by virtue of said lease contract.

The court's conclusions of law were substantially as follows: (1) That the deed from the Cougers to the McFarlanes was a mortgage to secure the payment of plaintiff's attorney's fees. (2) That said deed was not a valid mortgage because said 80 acres was the homestead of the Cougers at the time of the execution of the deed and at all times thereafter. (3) That said deed was not a valid conveyance. (4) That Mrs. Allen acquired the fee simple title to the land in question on April 2, 1931 and has continued to own and hold the same in fee simple since said date, subject to the escrow agreement with Couger. (5) That Mrs. Allen has been in possession of the land, through her tenant, Couger, since April 2, 1931.

The principal contention of the plaintiffs appears to be that parol evidence was not admissible to prove that the deed to plaintiffs was intended as a mortgage, in the absence of fraud, accident or mistake. Without setting forth in detail such contentions we think they are completely answered by the opinion of Justice Critz, while a member of the Commission, in the case of Sisk v. Randon, 123 Tex. 326, 70 S.W.2d 689, 692, in which the law, applicable to the facts of this case, is stated as follows:

"The Court of Civil Appeals holds that, where the recited consideration in a deed is contractual in its nature, it cannot be varied by parol evidence, absent fraud, accident, or mistake. We are aware that such is the general rule, but it has no application when the pretended sale is in fact intended as a mortgage on a homestead. In this connection our Constitution pro-

vides: 'No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinabove provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void.' Section 50, art. 16, Texas Constitution [Vernon's Ann.St.].

"Under the above constitutional provision it is permissible to prove that a deed was in fact intended as a mortgage. The pretended sale, with condition of defeasance, prohibited by the Constitution, includes any character of pretended sale, having for its purpose the placing of a lien on the homestead, other than those expressly permitted by the Constitution, and it is immaterial whether or not the condition of defeasance is expressed in the instrument. In this regard the latter portion of the above-quoted provision of the Constitution is an enlargement of the prohibition against mortgages, deeds of trust, and other liens on the homestead. It is not the condition of defeasance that is condemned, but the pretended sale. Astugueville v. Loustaunau, 61 Tex. 233; Hardie v. Campbell, 63 Tex. 292. When it is shown that the conveyance was in fact intended as security for debt, with a condition of defeasance upon the payment of the debt, a pretended sale within the inhibition of the Constitution is shown. Hardie v. Campbell, 63 Tex. 292. In such instances it is not necessary to show fraud, accident, or mistake, and the constitutional prohibition against pretended sales cannot be defeated by reciting a contractual consideration."

Also see NcLean & Currie v. Ellis, 79 Tex. 398, 400, 15 S.W. 394; and J. P. Wooten Motor Co. v. First Nat. Bank of Swenson, Tex.Com.App., 281 S.W. 196.

We are of the opinion that the parol evidence offered to show that the deed to the plaintiffs (although in form an absolute conveyance of the property) was in fact a mortgage of the Couger homestead was admissible and sufficient to support the trial court's finding that the deed was intended as a mortgage. Being a mortgage on Couger's homestead, it was void.

Plaintiffs, in their brief, say that there are but three vital issues on this appeal. (1) Is the deed from Couger and wife to the McFarlanes a mortgage? (2) Is the deed from Couger and wife to Mrs. Allen a mortgage? (3) What rights have plaintiffs against Mrs. Allen? It is evident, we think, that if the finding of the trial court that the deed from the Cougers to the McFarlanes is a mortgage is sustained (since the McFarlanes alone have appealed), it is immaterial whether the deed from the Cougers to Mrs. Allen was in fact a mortgage, and that plaintiffs have established no rights as against Mrs. Allen.

Since the deed to the McFarlanes has been found to be a mortgage on the Couger homestead and therefore void, plaintiffs have established no rights as against any of the parties to the suit, unless it be that of a judgment against the Cougers for their attorney's fee; such a judgment was not sought, and the court has found that said attorney's fee has been settled and discharged. There was evidence sufficient to raise this issue and support the court's finding.

We understand the plaintiffs to contend that since the testimony to the effect that the deed from the Cougers to the McFarlanes was intended as a mortgage came alone from the defendants it is insufficient to support the finding that said deed was in fact a mortgage. We are of the opinion that said testimony is sufficient to raise the issue and support the finding of the court thereon. Knox v. Brown, Tex.Com.App., 16 S.W.2d 262, 263.

Under the situation above disclosed, we think it is unnecessary to discuss or determine whether plaintiffs are estopped to say that Mrs. Allen did not acquire title to the land in controversy by the deed to her from the Cougers, by reason of the fact that such deed was prepared by the plaintiffs and the Cougers' acknowledgments thereto taken by one of the plaintiffs, whether Mrs. Allen is an innocent purchaser, or any of the other questions presented.

The judgment is affirmed.