## JONES et al. v. PARKER.

### No. 6202.

Court of Civil Appeals of Texas. Texarkana.

March 29, 1946.

Rehearing Denied April 4, 1946.

Carney & Carney, of Atlanta, and M. H. Barton and E. C. Wellborn, both of Henderson, for appellants.

Paul S. Colley, Jr., of Henderson, for appellee.

HARVEY, Justice.

Mrs. Lizzie Parker filed suit in the district court of Rusk County, Texas, against J. R. Jones and Ben Jimmerson in trespass to try title seeking the title and possession of a tract of about 146 acres of the Jose A. Chireno Survey, and by special pleas sought a cancellation of a certain deed to this land from herself to J. R. Jones, and another deed from Jones to Ben Jimmerson which covered the same tract. Plaintiff's allegations were in substance that her deed to J. R. Jones was procured by fraud, or that by reason of a contemporaneous oral agreement between her and Jones such deed was in fact a deed of trust or a mortgage. The defendants in addition to a general denial and plea of not guilty, excepted to plaintiff's petition on the ground that the oral agreement pleaded was violative of Art. 3995, Subds. 4 and 5, R.C.S. of Texas, known as the Statute of Frauds. In addition, the two, four, and five year statutes of limitation were defensively pleaded, and the defendant Jimmerson presented the defense of innocent purchaser. A jury verdict was rendered in favor of the plaintiff, and this appeal is prosecuted from the action of the court in entering judgment accordingly.

On the trial of the case, Mrs. Lizzie Parker, plaintiff, testified that at the time of her husband's death there was an outstanding lien of about $450 against the land in controversy; that she was unable to pay this indebtedness and sought the aid of J. R. Jones, her brother-in-law, who agreed to pay off the debt, and she in turn was to deed him the land with the understanding that he would sell enough royalty to reimburse himself for the money expended by him, after which the land was to be deeded back to her. J. R. Jones testified substantially to the same facts, except he added that he had said if he could sell enough royalty within twelve months so as to get his money back he would return the land. The jury found that it was not part of the agreement that Mrs. Parker was to have only twelve months in which to re-pay Jones for any sums expended by him in order to secure a re-conveyance of the land. There was an abundance of testimony corroborating Mrs. Parker, including that of an attorney at Henderson who was consulted with reference to the preparation of the necessary papers in order to effect the agreement between Jones and Mrs. Parker, as well as the attorney who represented Jones in the matter and who prepared the deed. Both of these attorneys testified that the land was deeded to Jones to secure the note he was undertaking to pay for Mrs. Parker and that both parties to the transaction stated that the deed was to be a lien; that Jones said when he should sell enough royalty and leases to get his money back he would reconvey the land to Mrs. Parker. One of these lawyers also said that the agreement was "that if Mrs. Parker paid Jones' money back that she was to get her land back." The vendor's lien note was transferred to Jones by the holder; suit thereon was filed by him against Mrs. Parker on December 19, 1936, and subsequently dismissed by Jones on May 8th, 1937. The deed from Mrs. Parker to Jones was dated May 6, 1937.

From almost the beginning of the statehood of Texas it has been held repeatedly that a trust in land can be created by parol as well as in writing. James v. Fulcrod, 1851, 5 Tex. 512, 55 Am.Dec. 743. In discussing the application of our Statute of Frauds, now Art. 3995, the court uses the following language in the case above referred to:

"The only contract in relation to lands, which the statute requires to be in writing, is the contract for their sale. The terms of the Act should doubtless be liberally construed for the suppression of the mischiefs it was designed to prevent; and all agreements within its spirit and scope should be brought under its operation. To go further would be to assume legislative functions, and transcend the authority of a judicial tribunal. The contract under consideration was intended to create an

agency, or trust, concerning lands, and, under no rational rules of construction, can it be regarded as an agreement for their sale, or as embraced within the provision requiring such contracts to be in writing."

Numerous other decisions might be cited embracing a wide variety of fact situations in which it has been held that trusts in land may be engrafted upon written instruments by parol testimony. Kinlow v. Kinlow, 72 Tex. 639, 10 S.W. 729; Barnett v. Vincent, 69 Tex. 685, 7 S.W. 525, 5 Am.St.Rep. 98; Lucia v. Adams, 36 Tex.Civ.App. 454, 82 S.W. 335; Allen v. Allen, Tex.Civ.App., 105 S.W. 53; Faville v. Robinson, 111 Tex. 48, 227 S.W. 938; Ware v. Jones, Tex.Com. App., 242 S.W. 1022; American National Insurance Co. v. Warnock, Tex.Civ.App., 143 S.W.2d 624. It is also well settled under our decisions that a deed, absolute in form, may be shown by parol to be in reality a mortgage and that such oral agreements are not in contravention of the Statute of Frauds. McFarlane v. Couger, Tex.Civ.App., 139 S.W.2d 158; Knox v. Brown, Tex.Com.App., 16 S.W.2d 262; Hume v. Le 'Compte, Tex.Civ.App., 142 S.W. 934; Johnson v. Smith, Tex., 280 S.W. 158.

■ In this case, the appellee relies principally upon the proposition that the undisputed facts show that Mrs. Parker deeded the land to Jones, the recited consideration being one dollar and other valuable consideration, as a security for the payment by him of the lien against the tract, thereby creating the relationship of mortgagor and mortgagee. We are of the opinion that this position is well taken. All of the evidence tends to show that the land was conveyed for the purpose of securing Jones in his payment of the lien against it. Jones himself testified: "I did not want the land at all; I merely wanted my money back out of it and maybe I could sell enough royalty so I could get my money back out of it; I merely done it to help her." The facts do not warrant the conclusion that the transaction constituted a conditional sale of the land; there was no time limit agreed upon, as found by the jury, in which the re-payment was to be made by Mrs. Parker to Jones, and thus an essential element of such a sale was lacking. Wells v. Hilburn, 129 Tex. 11, 98 S.W.2d 177. The oral agreement between the parties not being in conflict with the provision of Art. 3995, and constituting

a state of facts which in effect make the deed a mortgage, we think the trial court ruled correctly in this regard.

■ Appellant urges the point that appellee failed to show common source of title. In a trespass to try title suit, in the absence of an agreement upon the subject, it is necessary to a recovery for the plaintiff to prove common source, or establish title from and under the original grantee. Regardless of whether we regard this suit as one in trespass to try title or based only on the count in the petition to have the deed declared a mortgage, Mrs. Lizzie Parker is the common source of title. The deed from her to J. R. Jones was introduced in evidence together with the deed from Jones to Ben Jimmerson. Jones and Jimmerson claimed title through no source other than Mrs. Parker. In such a situation, the rule as to common source is stated by Chief Justice Hightower in the case of Temple Lumber Company v. Arnold, Tex.Civ.App., 14 S.W.2d 926, 927, to be as follows:

"The conclusion that appellants were holding under appellees made appellees the common source of title, relieving them of the burden of deraigning title from and under the original grantees. Proof of common source establishes a prima facie case. Rice v. [St.Louis, A. & T.] Ry., 87 Tex. 90, 26 S.W. 1047, 47 Am.St.Rep. 72; Ogden & Johnson v. Bosse, 86 Tex. 346, 24 S.W. 798. This proof raises the presumption that common source owns the title of all previous owners. McBride v. Loomis, Tex. Com.App., 212 S.W. 480. However, this presumption is not absolute and conclusive, but is subject to rebuttal. Authorities above cited; Campbell v. McLoughlin, Tex. Civ.App., 270 S.W. 257. The issue is one of burden of proof (Howard v. Masterson, 77 Tex. 41, 13 S.W. 635), and when established shifts the burden to the defendant to show a superior title under the common source, or to show that he holds under a superior title not connected with the common source, or to show that the true title is outstanding, or to show prior possession under deeds not connected with the common source."

■ In view of our holding that Mrs. Lizzie Parker is the common source of title under the particular facts of this case, the error of the court, if any, in admitting her testimony with reference to a deed covering the land in controversy from C.

W. Phillips to her husband, C. V. Parker, which deed was not introduced on the trial of the case, is rendered unimportant.

■ While the defendant J. R. Jones was on the witness stand, counsel for Mrs. Parker asked him if he was drunk when he made a trip in 1942 to see a negro who was living on the premises in question. The court properly sustained an exception to this question. It might be conceded that under certain circumstances whether or not one was under the influence of intoxicating liquor is material in passing upon his mental capacity, his memory, and his recollection of details of the transaction, but no such situation is presented under the facts above outlined. Later, while Mrs. Parker was testifying her attorney asked a number of questions with reference to Jones being drunk on trips to see her about the land transaction, to which no objection was made. Also, that Jones spent the night with a negro, to which no objection was made. The question was then asked as to how he got in the house, an objection being made to this part of the testimony unless she was there and knew. The witness stated that she didn't see him go into the house. Then the following general objection was made by one of counsel: "Then I object to any other statement and ask that it all be stricken," which was by the court overruled. However, no further answer was made by the witness. We think the objection made was insufficient in that it did not set out the basis of the objection and was too general. The witness might have obtained her information from Jones himself as to where he spent the night, and the fact that she said she did not see him enter the place, standing alone, did not warrant the court in striking the testimony. Upon further inquiry, if it had developed that her statement was based upon hearsay, or in view of a different predicate for the objection, the court might have ruled differently.

■ The jury found in answer to a special issue submitted to them that Ben Jimmerson at the time he purchased the land in question from J. R. Jones had notice of the claim of Mrs. Lizzie Parker to the land. An attorney who represented Jones in the preparation of the deed from him to Ben Jimmerson testified that before he paid the consideration for the conveyance of the land, Jimmerson knew that two other parties failed to buy the land because they were informed there would be a lawsuit and that Mrs. Parker claimed an interest in the land. The jury verdict, therefore, has support in the evidence, and is a finding adverse to Jimmerson's claim of having been an innocent purchaser.

■ A point presented by appellant is that the attorney for Mrs. Parker committed reversible error in arguing certain matters to the jury, substantially to the effect that Ben Jimmerson couldn't lose in the suit because they were there (apparently referring to plaintiff) ready to pay him whatever he had in the land. No objection was made at the time, but a bill was prepared as speedily as possible following the alleged argument and presented to the court, who refused to approve such bill. Appellants undertook to file a bystander's bill; the court filed his own bill of exceptions in which it was stated that the argument complained of was not made and gave what the court's version of it was. Without discussing the question of whether appellant failed to comply with the procedure prescribed in filing a bystander's bill under Rule 372, T.R.C.P., we are of the opinion that no objection having been made at the time of the argument complained of, which would have given the court an opportunity to instruct the jury, and the argument in itself not being of such prejudicial nature as to present reversible error even though such an instruction had been given by the court, this point is overruled. City of San Antonio v. McKenzie Construction Co., Tex.Civ. App., 138 S.W.2d 568.

Other points of error assigned all have been considered and none presenting error of such nature as to require a reversal, they are overruled.

The judgment of the trial court is affirmed.