Opinion issued February 15, 2007















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00789-CV






BEAL BANK, SSB, Appellant


V.


ALTON BIGGERS AND GLENDA HENSLEY BIGGERS, Appellees






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2003-18974






O P I N I O N

 Beal Bank, SSB, appellant, sued Alton Biggers and Glenda Hensley Biggers,
appellees, to recover $130,800 on guaranties appellees executed for payment of a loan
to Clark Warehouses, Inc. The case was tried to the court, which rendered judgment
that appellees were liable to the Bank in the principal amount of $70,800. We affirm. 

BACKGROUND


 The facts of this case are uncontested. Glenda Hensley Biggers was the sole
shareholder and corporate secretary and Alton Biggers was the president of Clark
Warehouses. In January 1993, Clark Warehouses executed a note to the Small
Business Administration for $70,800. The note was signed by appellees in their
capacities as president and secretary of the corporation. Each appellee also executed
a Small Business Administration Guaranty as guarantor of the note. The Guaranty
provided, in pertinent part:

 The Undersigned hereby grants to Lender full power, in its uncontrolled
discretion and without notice to the undersigned, but subject to the
provisions of any agreement between the Debtor or any other party and
Lender at the time in force, to deal in any manner with the Liabilities
and the collateral, including, but without limiting the generality of the
foregoing, the following powers:


 (a) to modify or otherwise change any terms of all or any part
of the Liabilities or the rate of interest thereon (but not to
increase the principal amount of the note of the Debtor to
Lender), . . . . 


 In September 1993, appellees executed a Modification of Promissory Note that
changed the principal amount of the loan to $130,800 and increased the monthly
payment and term of the loan. The Modification stated, "It is further understood and
agreed that all other terms, conditions, and covenants of the aforesaid Note, not
otherwise modified hereby, shall be and remain the same . . . ." The appellees signed
the Modification twice: once in their corporate capacity (secretary or president) and
once as "Borrower." Beneath these signatures, the Modification states: 

 The undersigned endorsers, guarantors, and/or sureties on the above
described Note hereby join in and consent to the above Modification
Agreement. 


 Dated this 24th day of September, 1993.


The signature lines under this statement are blank. 

 Clark Warehouses filed for chapter 7 bankruptcy in 1997. In 2000, the SBA
sold the note and guaranties to Loan Participant Partners, Ltd., which contracted with
the Bank to service the loan. 

 The Bank sued appellees to collect on the note, and after a one-day bench trial,
the trial court made findings of fact and conclusions of law and rendered judgment
awarding the Bank $87,861.81 (principal and interest) and $7,500 in attorney's fees. 
The Bank asserts that the following finding of fact number 7 and conclusions of law
numbers 2, 3, 4, and 5 are relevant to this appeal. 

 7. The Biggers each consented to the Modification, but neither of the
Biggers agreed to increase their respective liabilities under their
guarantees by the additional $60,000.00 loaned to Clark. 


 . . . .


 2. The Guarantees contractually limited the personal liability of the
Biggers to the original principal amount of the Note, together with
interest accrued thereon.


 3. Because of such contractual limitation, the Modification was
ineffective to increase the Biggers' personal liability under the
guarantees by the additional $60,000.00 loaned to Clark by the SBA. 


 4. The Modification did not constitute a material alteration of the
Note sufficient to completely discharge from their Guarantees because
(a) the Modification was not effective to increase the Biggers' personal
liability under their guarantees, and (b) the increase in monthly
payments and the extension of the maturity date of the Note did not
work to the Biggers' personal detriment. 


 5. The Biggers remain liable to the Bank for the original $70,800.00
principal of the Note, together with interest accrued on such principal. 


DISCUSSION


Appellees' Issue: Waiver of Complaint

 As a threshold matter, appellees assert that the Bank has waived its right to
complain about the judgment by submitting the judgment to the trial court without
reserving its right to appeal. Generally, a party who files a motion for rendition of a
judgment waives its right to complain about that judgment. See Litton Indus. Prods.,
Inc. v. Gammage, 668 S.W.2d 319, 322 (Tex. 1984). However, the supreme court has
said, "There must be a method by which a party who desires to initiate the appellate
process may move the trial court to render judgment without being bound by its
terms." First Nat'l Bank v. Fojtik, 775 S.W.2d 632, 633 (Tex. 1989). In Fojtik, the
motion for judgment stated, 

 While Plaintiffs disagree with the findings of the jury and feel there is
a fatal defect which will support a new trial, in the event the Court is not
inclined to grant a new trial prior to the entry of judgment, Plaintiffs
pray the Court enter the following judgment. Plaintiffs agree only as to
the form of the judgment but disagree and should not be construed as
concurring with the content and result. 


Id. at 633. The supreme court called Fojtik's reservation of the right to complain
"appropriate" and distinguished it from the motion for judgment in Litton Industries. 
Id. In Litton Industries, the defendant moved for judgment in the amount of actual
damages found by the jury and attempted to reserve its right to appeal in a trial brief. 
Litton Indus., 688 S.W.2d at 321-22. However, the trial brief was not properly a part
of the appellate record, and, as a result, the appellant's reservation was not in the
record. Id. at 322.

 In this case, having been told by the trial court that the court would be inclined
to render judgment for the Bank on only the initial amount guaranteed, the Bank filed
a motion for judgment in which it first requested judgment for the entire $130,800 in
the modified note. The Bank attached, as Exhibits A and B, the proposed judgment
and proposed findings of fact and conclusions of law supporting that judgment. 

 Alternatively, the Bank requested judgment for the original $70,800 principal
of the note and attached, as Exhibits C and D, a proposed judgment and proposed
findings of fact and conclusions of law. In its argument regarding the judgment on
the lesser amount, the Bank stated, 

 In the alternative, as a matter of contractual interpretation the
Court may construe the Guarantees' limitation on the SBA's right to
unilaterally "increase the principal amount of the note of the Debtor to
the Lender" as a contractual cap on the Biggers' ultimate liability under
the Guarantees, regardless of future increases in the Note's principal. 
That is, the Court may choose to construe that language to mean:
"Unless otherwise expressly agreed in writing, the guarantor's liability
hereunder shall not exceed $70,800.00 . . . . regardless of any future
increases in the principal . . . ." So construed, that language would
potentially preclude the Modification from increasing the Biggers'
personal liability under their Guarantees . . . .

 In such a scenario, the Modification would not constitute a
material alteration of the Note sufficient to discharge the Biggers since
the Modification did not increase the Biggers' personal liability . . . . 
Thus, the Biggers would remain liable to the Bank for the original
$70,800.00 principal of the Note, together with accrued interest, but
would not be liable for the $60,000.00 increase effectuated by the
Modification.

 Accordingly, and in the alternative, the Bank respectfully requests
that the Court enter final Judgment in the form attached hereto as
Exhibit C . . . . 


In addition to the equivocal tone of this portion of the Bank's motion for judgment,
Exhibits C and D were signed by the Bank's counsel as "approved as to form only."

 Although the Bank's reservation of its right to appeal the judgment would have
been clearer had it followed the language in Fojtik, we conclude that the Bank's
motion was sufficient by its equivocal language and the statement of approval as to
form only to indicate that its alternative request was made in deference to the trial
court's expressed construction of the guaranty contract and was not a motion for
judgment in that amount. See Fojtik, 775 S.W.2d at 633. We further conclude that,
by its qualified motion for judgment, the Bank did not waive its right to appeal. 
Accordingly, we overrule appellees' issue. 

Appellant's Issue: Consent to Modification

 In its sole issue, the Bank contends that the trial court committed error in
failing to render judgment in favor of the Bank for the full principal and interest
owing under the Note, including the increased principal under the Modification. It
argues that finding of fact number 7 is immaterial and that, because appellees agreed
to the modification, they are not entitled to either a complete or partial discharge of
their liability. 

Standard of Review

 Unchallenged fact findings are binding on the appellate court. IKB Indus.
(Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 445 (Tex. 1997). Generally, if the
appellant challenges the findings in its issues, the appellate court will review the legal
and factual sufficiency of the evidence to support the findings in the same manner it
reviews a jury's findings in a jury trial. Escobar v. Escobar, 728 S.W.2d 474, 475
(Tex. App.--San Antonio 1987, no writ); State Bar of Texas v. Roberts, 723 S.W.2d
233, 235 (Tex. App.--Houston [1st Dist.] 1986, no writ). However, here, the Bank
does not complain about the sufficiency of the evidence to support finding of fact
number 7. Rather, the Bank argues that the "finding that the Biggers did not agree
to any increase in their personal liability is immaterial in light of the court's finding
that the Biggers consented to the Modification." 

The Guaranty Contract

 The Bank contends that, by seeking and consenting to the modification of the
note and by signing the Modification twice, appellees became personally obligated
as guarantors for the increased principal of the loan. The Bank argues that, to escape
liability, appellees must prove that they did not consent to the increased amount. 

 Appellees do not deny that they consented to the Modification of the Note, nor
do they deny that they signed the Modification. They contend that their consent to
the Modification did not effect an increase in their personal liability, as demonstrated
by the fact that they did not sign the Modification as guarantors. They also point out
that the guaranties they signed for the original note specify that the Lender is not
granted the power to increase the principal amount of the Debtor's note, thus creating
a specific, rather than a continuing, guaranty. 

 The Bank's argument centers on appellees' affirmative defense of material
alteration. A material alteration that lacks the consent of the guarantor and harms the
guarantor renders a guaranty void. Frost Nat'l Bank v. Burge, 29 S.W.3d 580, 588
(Tex. App.--Houston [14th Dist.] 2000, no pet.). However, the trial court's judgment
was not rendered on the appellee's material-alteration defense. Rather, the trial court
concluded that the appellee's liability to the Bank was determined by the guaranty
contract. (1)

 Texas case law recognizes that a guaranty may be continuing or specific. A
continuing guaranty contemplates a future course of dealing between the lender and
debtor, and the guaranty applies to other liabilities as they accrue. Sonne v. Fed.
Deposit Ins. Corp., 881 S.W.2d 789, 793 (Tex. App.--Houston [14th Dist.] 1994,
writ denied). A specific guaranty applies only to the liability specified in the guaranty
contract. See Fed. Deposit Ins. Corp. v. Attayi, 745 S.W.2d 939, 945 (Tex.
App.--Houston [1st Dist.] 1988, no writ). A guarantor may require that the terms of
his guaranty be followed strictly, and the guaranty agreement may not be extended
beyond its precise terms by construction or implication. Id. at 943 (citing Reece v.
First State Bank, 566 S.W.2d 296, 297 (Tex. 1978). The questions, then, in this
appeal are (1) what liabilities did appellees agree to guarantee and (2) did they agree
to extend their obligation to the modified promissory note. 

 The guaranties executed by appellees granted to the lender the power to modify
or change the terms of the note or the interest rate on the loan. However, the
guaranties specifically excluded the power "to increase the principal amount of the
note of the Debtor to Lender." The guaranties contain no language that contemplates
a future course of dealing between the debtor and the lender. Thus, appellees
executed specific guaranties. Although appellees later sought to increase the
principal amount of the loan from $70,800 to $130,800, agreed and consented to that
amount, and signed the note twice--once in their corporate capacities and once as
"Borrower"--they did not sign in the spaces provided for "endorsers, guarantors,
and/or sureties on the above described Note." Their consent to the additional $60,000
cannot be construed or implied to be a guaranty of the additional sum. See Attayi,
745 S.W.2d at 945. 

 The Bank argues that the facts of Durham v. Uvalde Rock Asphalt Co., 599
S.W.2d 866 (Tex. Civ. App.--San Antonio 1980, no writ), are analogous to this case. 
The Bank asserts that the Durham court rejected the guarantors' material-alteration
defense because the guarantors had agreed to the disputed modification. Setting aside
the fact that material alteration is not an issue in our case, the alteration at issue in
Durham was a change in the terms of payment, and that change was specifically
authorized by the guaranty contract. Id. at 871-72. The result in Durham does not
support the Bank's argument. 

 We hold that, under the facts of this case, appellees did not agree to be liable
for the increased principal under the modified promissory note. Accordingly, we
overrule the Bank's sole issue.

CONCLUSION


 We affirm the judgment. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


1. The basis for the trial court's judgment is evident in finding of fact number 7
and conclusions of law numbers 2, 3, and 5. Furthermore, in conclusion of law number 4,
the trial court concluded that the modification did not constitute a material alteration of the
note. A material alteration would have rendered the guaranties void and a take-nothing
judgment would have been rendered against the Bank. See Frost Nat'l Bank v. Burge, 29
S.W.3d 580, 588 (Tex. App.--Houston [14th Dist.] 2000, no pet.).