BACH *v.* FIRST NATIONAL BANK OF VINCENNES.

[No. 14,793.   Filed January 24, 1935.]

*Padgett & Padgett,* for appellant.

*Marsh F. Lewis, Kessinger, Hill & Arterburn,* for appellees.

KIME, J.—On July 24, 1925, one Joseph A. Schellenger was the owner of an eighth interest in certain oil and gas leases, and on that day he executed his note to The First National Bank of Vincennes in the principal sum of $4600.00, and, as collateral security for said note, executed an absolute assignment of his interest in said leases, in writing, to said bank, which assignment was duly recorded August 4, 1925. Contemporaneously therewith said bank executed to Schellenger an agreement whereby it was stipulated that the assignment was made for the purpose of securing the $4600.00 note and any renewals thereof, and that upon payment of the note the bank would reconvey the oil and gas leases to Schellenger. When this note of $4600.00 became due and payable the bank refused to renew it un·less Schellenger agreed that the assignment of the oil and gas leases should be held as collateral security not only for the said note but also as security for any other obligations or liabilities of Schellenger held by the bank. At that time Schellenger was a guarantor on notes ow-

ing by Elliston Gravel Company to said bank, of which gravel company he was president, to an amount of approximately $15,000.000.

In order to get said note renewed Schellenger finally agreed to make the oil and gas lease assignment collateral security not only for said note, but for any other liabilities of Schellenger to the bank, and thereupon said Schellenger executed his renewal note, and also executed a collateral form agreement by which the oil and gas lease assignment was agreed to be held by the bank as collateral security not only for the $4600.00 note, but for any other liabilities of Schellenger. This obligation under these same conditions was renewed a number of times thereafter. The note of $4600.00 was fully paid in January, 1927, but at that time and ever since there have been obligations owing to said bank by the gravel company and said Schellenger was guarantor thereon.

Schellenger executed a written assignment of the oil and gas leases to appellant, Bach, on March 15, 1927, which was recorded January 24, 1928. Mrs. Bach was private secretary to Schellenger. Appellant filed suit against The First National Bank of Vincennes, Indiana, Illinois Pipe Line Company, and Schellenger in two paragraphs, the first to quiet title, and the second to recover the value of proceeds, issues, and profits. To this complaint Schellenger filed a general denial. The Illinois Pipe Line Company filed two paragraphs of answer thereto, one in general denial and the second to the effect that it held oil of the value of $1112.00 to be paid as the court should direct. The bank filed a general denial and a second paragraph of answer setting up a special defense to the effect that the transaction as above set out is sufficient to show a cancellation and annulment of the previous agreement to reconvey on the payment of the $4600.00 note alone and that there

was an oral agreement by Schellenger with the bank that in consideration of permitting him to renew the $4600.00 note, that he agreed that the absolute conveyance of the oil and gas leases should become collateral security not only for the note of $4600.00, but for any other obligations of Schellenger, and this annulled the previous agreement to reconvey upon payment of the $4600.00 note.

Appellant filed a demurrer to this second paragraph of answer. This was overruled and that action is assigned as an error here. There is no question as to the other appellees and a discussion of any pleadings relative thereto is not necessary to a determination of this appeal.

There was a trial by the court and a finding for the appellees was made upon which judgment was rendered. The overruling of a motion for a new trial is the second error assigned. The grounds of the motion were that the finding was not sustained by sufficient evidence and that it was contrary to law.

Appellant contends that the assignment of Schellenger to the First National Bank was executed as security and consequently was, in effect, a mortgage; that such mortgage can not be changed or modified or extended by subsequent parol agreement so as to be security for another or different debt and relies on section 13375, Burns 1926, §56-103, Burns 1933, §14657, Baldwin's 1934, to the effect that "Conveyances of lands or interest therein, shall be, by deed in writing, subscribed, sealed, and duly acknowledged by the grantor or by his attorney, except bona fide leases for a term not exceeding three years," that this was not done here and consequently the bank can not hold this assignment for the other obligations of Schellenger; that when the $4600.00 note was fully paid the assignment became *functus officio*. And as to the de-

murrer, that under §13472, Burns 1926, §56-701, Burns 1933, §985, Baldwin's 1934, the mortagee (the bank) shall not have possession of the property unless so specifically provided in the instrument; that such was not provided and Schellenger and his assignee, Bach, are entitled to rents, profits, proceeds, issues, etc., there being no foreclosure shown.

The appellee bank contends that the assignment can be by oral or written agreement and be held as security for other debts than the one for which it was originally given and that in this case both oral and written agreements were entered into by the parties; that the statute of frauds does not apply; that the interest in the land here is not such as entitled the appellant, Bach, or appellee, Schellenger, to the rents and profits and that the oil is not rent and profit. And even if it were, the actions of the parties conclusively show that such was not the intentions. That there being no defeasance clause in the assignment proper the grantor or his assigns are not entitled to redeem or, in other words, reinvest the grantors with the legal title.

The appellee bank here had the absolute legal title. On its face and at law it is what it purports to be, an absolute conveyance. When it is necessary to accomplish the ends of justice, in an equitable proceeding, deeds absolute on their face are held to be mortgages. However, this is a proceeding to quiet title by one claiming to hold a legal title. The assignment was absolute and this agreement to reconvey contained no clause voiding it upon performance of certain acts. The provision was only that the assignee bank would reconvey upon payment. "This did not constitute a technical defeasance; although it was, no doubt, sufficient to secure to the grantor an equitable right of redemption. Blackstone says: 'A defeasance is a collateral deed, made at the same time with a feoffment

or other conveyance, containing certain conditions, upon the performance of which the estate then created may be defeated or totally undone.' 1 Cooley's Blackstone (Andrew's ed.), *327. And see, also, 3 Comyns' Digest, *374, title, Defeasance; note to *Fowell* v. *Forrest* (1671), 2 Saund. 47 dd. There is little, if any, dissent from the proposition that in such a case as this the grantee has a legal estate." *Ferguson* v. *Boyd* (1907), 169 Ind. 537, 542, 81 N. E. 71, 82 N. E. 1064. From what we have said it is clear that the bank had the right to the proceeds of the assigned oil and gas leases.

Conceding, for the purpose of answering appellant's contention, that this was a mortgage, the Ferguson case, *supra,* is authority for allowing a subsequent parol agreement, based on a sufficient consideration to be shown. But such is not necessary here even if it be conceded that the subsequent collateral agreements signed by Schellenger were not valid. However, none of this argument is necessary under our holding.

No reversible error being shown the judgment of the Posey circuit court is in all things affirmed and it is so ordered.