**KEMPER et ux. v. FREEMAN et ux.**

No. 15399.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 16, 1953.

Rehearing Denied Feb. 13, 1953.

Ralph Hartman and Forrester Hancock, both of Waxahachie, for appellant.

Crawford C. Martin, of Hillsboro, for appellee.

BOYD, Justice.

This suit was filed in the district court of Ellis County by appellants, D. C. Kemper and wife, Anna S. Kemper, against appellees, A. K. Freeman and wife, Thala Freeman, for the purpose of cancelling an instrument purporting to be a warranty deed, for removal of cloud upon the title to 163.79 acres of land, and for damages.

The appellants alleged that the land was purchased by them in 1943 for a home and was used as their homestead until the time of the transactions complained of in this suit; that on June 2, 1949, they executed to the appellees a deed to the land in controversy for the purpose of securing debts already owing by them to the appellee A. K. Freeman, and to secure a further loan by A. K. Freeman to them in the sum of $1,000, and that it was the intention of all the parties that the deed was to be a mortgage upon the property and not a conveyance of the title.

The appellees alleged that the deed was intended to be an absolute conveyance in fee simple of the tract of land in question. They further alleged that they paid to the appellants $4,200 for said tract of land, the amount being $1,000 in cash, the assumption and payment of a lien against the property theretofore created by the appellants and held by the Travelers Insurance Company in an amount in excess of $2,300, and approximately $900 in money that appellants owed appellee A. K. Freeman for the purchase of cattle.

At the time the deed was delivered to the Freemans, A. K. Freeman signed and delivered to appellants the following memorandum:

"Dear Mr. and Mrs. Kemper:

"In receiving the deed covering 163.79 acres of land located in Ellis County, Texas, being the same land fully described in deed this day executed and delivered by you, it is understood and we hereby agree that if said land is sold either by us, you or an agent on or before January 1st, 1951, you are to receive all of the proceeds from the sale of said land over $4,250.00."

The case was tried before a jury and was submitted on eleven special issues, only one of which was answered by the jury, which issue and the jury's answer are as follows:

"Special Issue No. 1. Do you find from the evidence that at the time of the execution of the deed from the plaintiffs Kemper to the defendants Freeman on June 2, 1949, which is in evidence before you as plaintiffs' exhibit No. 1, the parties named in said instrument intended by the execution and delivery of the same that said instrument should constitute a mortgage in fact for the security of money owed by D. C. Kemper to A. K. Freeman, if any, and as security for further funds then and there borrowed, if any, by the said D. C. Kemper from the said A. K. Freeman? Answer Yes or No.

"Answer: No."

Judgment was rendered by the court for the appellees; and the appellants' amended motion for new trial being overruled, appeal was duly taken.

Appellants did not request the submission of any special issues, filed no objections to the charge, filed no motion for an instructed verdict and no motion for judgment non obstante veredicto.

Appellants' contention is that the evidence is insufficient to support the verdict of the jury and the judgment of the court.

■■ Any attempt to create a lien on a homestead except in one of the methods provided by the constitution is a nullity, and it is always permissible to prove that an instrument purporting to be a deed conveying a homestead was in fact intended by the parties to be a mortgage. Texas Constitution, Art. 16, sec. 50, Vernon's Ann. St.; John T. Hardie & Co. v. Campbell, 63 Tex. 292; Toler v. Fertitta, Tex.Com. App., 67 S.W.2d 229; Anglin v. Cisco Mortgage Loan Co., 135 Tex. 188, 141 S.W. 2d 935.

■ "But the burden is upon the party who asserts that such a conveyance is, in fact, a mortgage to clearly establish the fact by competent evidence. 2 Wharton's Evidence, sec. 1032 etc.

■ "When it is claimed that such a conveyance was in fact intended as a mortgage, the usual test applied is this: Was the relation of creditor and debtor terminated by the transaction? If so, it is not a mortgage; but if the debt subsists, and that relation exists as well after as before the transaction, then the instrument will be considered as a mortgage." John T. Hardie & Co. v. Campbell, supra.

■■ Without setting out the testimony in behalf of the appellants, it is enough to say that their evidence, had it been believed by the jury, would have supported a judgment holding the purported deed to be a mortgage and cancelling the instrument and removing cloud from the title. We, believe, however, that the evidence offered by the appellees supports the finding of the jury and the judgment of the court in their favor. The instrument was in the form of a deed. Appellee A. K. Freeman testified that the appellant D. C. Kemper mentioned

to him several times that he wanted to sell his farm and asked him, Freeman, if he would buy it; that his answer was that he had more land than he could pay for and he was not interested in buying it, and he believed the appellant wanted too much for it; that appellant said that Freeman could have it at practically his own price; appellee Freeman further testified that about the third or fourth time that appellant mentioned the matter to him, appellant told him that Mrs. Freeman had said that she would give $4,200 for the place; that he talked to his wife about it and they agreed to offer $4,200; appellants accepted such offer and he paid that amount by assuming and paying the indebtedness against the place, cancelling practically $900 that appellants owed appellee Freeman and paying $1,000 in cash. Appellee further testified that he had no money to lend; he was not a money lender; that he did not care to buy the farm, but that it adjoined his other land and he could use it in connection with his other farm. He further testified that upon delivery of the deed, he took exclusive possession of the property and had held it at all times since without any attempted interruption by appellants.

Mrs. Freeman testified that Mrs. Kemper had asked her on one or more occasions why they did not buy the farm and that she answered, "we didn't need the place." She further testified that she and her husband agreed that they would not give more than $4,250 for the farm.

If the appellants contend that by the execution of said letter on memorandum A. K. Freeman was in some way acknowledging that the sale of the land was simulated and not real, we are unable to agree. It appears to be no more than an agreement to allow appellant D. C. Kemper to receive as a commission, or for services rendered in making a sale, any amount above $4,250 that he might be able to obtain for the land.

The memorandum signed by appellee A. K. Freeman, although considered as part and parcel of the transaction, does not amount to a condition of defeasance rendering the sale of the homestead ineffective under the constitutional provision. "Under this clause of the Constitution (i. e. Art. 16, sec. 50), it is not every sale of the homestead involving a condition of defeasance which it declares shall be void; but it declares that all *pretended* sales involving such conditions shall be void." Astugueville v. Loustaunau, 61 Tex. 233; see also 26 C.J.S., Deeds, § 141, page 465; Bach v. First National Bank, 99 Ind.App. 590, 193 N.E. 696; and Mason v. Finley, 129 S.C. 367, 124 S.E. 780. Whatever weight this memorandum was entitled to as evidence that the transaction was a mortgage and not a deed, it did not convince the jurors of that fact, and after hearing all of the evidence and examining the memorandum they found that the transaction was a sale of the land and not a mortgage.

Believing that the evidence supports the verdict of the jury, the judgment rendered thereon by the district court is affirmed.